**Donna J. BORN,**
**Plaintiff-Appellant-Appellee,**

v.

**Terry Michael BORN,**
**Defendant-Appellee-Appellant.**

Court of Appeals of Tennessee,
Middle Section.

Jan. 6, 1981.

Certiorari Denied by Supreme Court
April 6, 1981.

**50**

Muriel Robinson, Nashville, for plaintiff-appellant-appellee.

James D. Petersen, Franklin, for defendant-appellee-appellant.

## ABRIDGED OPINION

TODD, Presiding Judge.

Both plaintiff and defendant have appealed from a decree of the Chancellor which:

1. Granted plaintiff-wife an absolute divorce from defendant-husband on grounds of cruel and inhuman treatment;

2. Awarded plaintiff alimony of $26,400 payable in installments of $200 per month to cease at the death or remarriage of plaintiff;

3. Awarded defendant the right of occupying the residence and farm of the parties until their youngest child reaches the age of 22 years or until the completion of the education of all children, thereafter the sale of the farm for division between the parties with one-half of taxes and improvements deducted from plaintiff's share;

4. Required defendant to pay all taxes and expenses of the farm;

5. Awarded defendant-husband custody of the minor children subject to certain provisions for visitation with plaintiff; and

6. Awarded plaintiff attorney's fee of $300.

The issues presented to this Court by the briefs of the parties are as follows:

1. To whom should the divorce have been awarded.

2. Custody of the children.

3. Division of property.

4. Attorneys fees.

 The first issue, challenging the grant of the divorce to the plaintiff-wife, is presented by the defendant-husband.

In granting the divorce to the wife, the Trial Judge stated:

"Now the reason that I granted the divorce to her is that I believe Mr. Born was abusive to her.... I believe that she made out a case where she was justified in getting a avinculo divorce."

The plaintiff-wife testified that she and defendant met in a psychiatric ward where they were both undergoing testing; that

she and defendant lived together until he obtained a divorce after which they were married May 18, 1969; that defendant displayed a violent temper and "beat me up" on several occasions (giving details of several incidents); that she separated from defendant several times but was induced to return by promises of reform; and that his violence finally convinced her that the last separation should be permanent.

This testimony, in considerable detail as to brutality, was believed by the Trial Judge. Nothing is cited or found in the record which would justify this Court in reversing the conclusion of the Trial Judge that the plaintiff-wife was telling the truth as to the violence suffered by her at the hands of the defendant-husband.

Nevertheless, defendant argues that the divorce should have been awarded to him instead of the wife because of her admission of misconduct. The conduct cited by defendant occurred several months after the separation. While this Court cannot condone improper conduct in violation of undissolved marriage ties, its seriousness and effect upon claims for divorce must be judged in the light of all the circumstances, especially the previous gross misconduct of the other spouse and resultant separation.

If, at the time of the separation, the wife was then entitled to a divorce for gross mistreatment, she did not necessarily forfeit her right to that divorce by a future act of misconduct.

Defendant-husband next insists that the wife should not receive a divorce because of "falsified allegations" in her complaint and false testimony. No authority is cited, and none occurs to this Court, which denies relief to a litigant as a punishment for a false statement. Judicial relief is granted upon the basis of facts found by the Court, and not upon a moral judgment of whether the litigant is a good enough person to deserve judicial favor. As previously noted, the Trial Judge found facts justifying the award of the divorce to the wife, and this Court finds no justification for reversing this finding.

The first issue is therefore resolved in favor of the plaintiff-wife.

The next issue relates to the custody of the children which was granted to the defendant-husband. In this respect, the Trial Judge stated:

"I do not believe that Mr. Born was abusive to his children. I believe that Mr. Born is a good ... an excellent father. I believe that his ex-wife is an adequate mother but is involved in a belated teen-age years.

... I was impressed with Mr. Born ... He is content to run a successful business and to be with his children in and about the environments of his farm and whatever vacations and so forth. So it is for that reason that I gave the custody of the children to Mr. Born with liberal visitation rights to the mother."

The three children are a daughter aged 11, a son aged 10 and a daughter aged 3. Since the last separation in August, 1979, they have resided with their mother in Memphis, where the parents and family of the defendant reside. Indeed, the sister of the defendant resides with the plaintiff and her children. Since August, 1979, the two older children have attended Memphis schools. There is no evidence of any serious fault in the care of the children by the mother.

The two older children testified that they liked their home, friends and school in Memphis, and that they wanted to continue to reside with their mother. It is necessary for the mother to work, but her work schedule allows her to be at home when the children arrive from school. The youngest child is in the care of a neighbor while the mother is at work. Even though the Trial Judge found a "special bond" between the three-year-old and her father, it would not be in order to separate so young a child from its sister, brother and mother without the most compelling reasons.

The record before this Court is entirely written except for a tape recording of a telephone conversation between plaintiff and defendant. This Court cannot ignore the screaming, obscene, profane language

of this defendant or fail to consider it in making a judgment as to the mental and emotional stability and morality of defendant.

On appeal from a divorce decree awarding custody of children, the Court of Appeals does not indulge the usual presumption of correctness, but is required to review the record de novo. *Smith v. Smith*, 188 Tenn. 430, 220 S.W. 627 (1949).

With great respect and deference to the trial judge, this Court cannot agree with him that custody of these children should be entrusted to defendant. His order in this respect will be reversed.

■ The next issue relates to the division of property. In this respect, the Trial Judge stated:

"The reason I gave the lady . . . the wife in this case the $200 alimony is that they did own this property . . . Mr. Born needed this home and needed this farm to effectuate a continual of what I thought was a healthy environment for the children."

Since the principal basis of granting exclusive use of the home and the farm to the father was the award of principal custody to him, and since this Court has determined that principal custody should be committed to the mother, it is necessary to re-evaluate the disposition of property and alimony.

Apparently, the Trial Court was of the opinion that the interest in the home had been acquired by the joint efforts of the parties and that they should be recognized as having equal interests therein. If the defendant is to have exclusive possession and use of the farm, then the wife, as one-half owner should receive some compensating payment, both by way of one-half of the value of living quarters and one-half of the income from the farm.

This Court is in sympathy with the desire of the Trial Judge to preserve the farm as a desirable place for the defendant to entertain his children. Whether he can afford to keep the farm for this purpose cannot be determined from this record. Whether the defendant is financially able and willing to pay reasonable support for the children and reasonable compensation to plaintiff for the use and profits from her one-half interest in the farm must be determined hereafter at the trial level. If this can be done, it would be desirable. If not, the farm should be sold for division between the parties.

The award of $200.00 per month alimony should continue in effect until further order of the Trial Judge.

The defendant-husband should be allowed to continue in possession of the home and farm until the Trial Court rules upon the question of the disposition of the farm and alimony.

In no event should the defendant-husband be continued in sole possession of the farm under orders of court beyond the 18th birthday of the youngest child.

■ The final issue relates to the attorneys fees. Defendant insists that the award of $26,400.00 payable in monthly installments of $200.00 each represented sufficient resources out of which plaintiff could compensate counsel for plaintiff. This Court does not agree. The small monthly payment was and is needed for the necessities of the plaintiff, and there is no surplus to pay attorneys.

As a result of all of the above, the disposition of this appeal is as follows:

1. The award of an absolute divorce to plaintiff is affirmed.

2. The award of $26,400.00 is vacated for further reconsideration in connection with other monetary and property rulings.

3. The requirement of $200.00 monthly payments to plaintiff is affirmed, subject to change by the Trial Court in connection with other monetary and property rulings.

4. The judgment as to possession and disposition of the home and farm is vacated for reconsideration in accordance with this opinion, but the defendant will be left in possession until further order of the Trial Court.

5. The requirement that defendant pay all taxes and expenses on the farm will continue in force only until further order of the Trial Court.

6. The award of custody to the defendant is reversed, and principal custody is awarded to the plaintiff with visitation privileges of the defendant to be determined by the Trial Court.

7. The award of $300.00 to the plaintiff as attorney fee is affirmed, but, on remand, the Trial Court will make a further suitable award for additional fees incident to this appeal.

8. Costs of this appeal are taxed against the defendant husband.

9. The cause is remanded, to the Trial Court for further proceedings consistent with this opinion.

Modified and remanded.

CANTRELL, J., and T. MACK BLACKBURN, Special Judge, concur.