**In the Matter of M. D., a child under eighteen years of age.**

**STATE of Tennessee DEPARTMENT OF HUMAN SERVICES,
Plaintiff-Appellee,**

v.

**L. D., et al.,
Defendant-Appellant.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

May 4, 1983.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 29, 1983.

F. Dean Barry, Nashville, for plaintiff-appellee.

Leland Dale Wilson, Dyersburg, for defendant-appellant.

CRAWFORD, Judge.

L. D. appeals the order of the Juvenile Court of Dyer County which adjudicated her daughter M. a dependent and neglected child, and awarded temporary custody to the Tennessee Department of Human Services for foster care pursuant to Tenn.Code Ann. § 37–230(2)(ii) (Cum.Supp.1982).

This case commenced when the Tennessee Department of Human Services (hereinafter TDHS) filed a petition for temporary custody of M. D., daughter of L. and K. D. The petition alleged that the "child is [a] dependent and neglected child without proper care and guardianship in that said child is in such condition of want or

suffering or is under such improper guardianship or control as to endanger the morals or health of herself. Said child's father was released yesterday from jail after serving a sentence for aggravated sexual assault against her, and she today informed your petitioner that she is afraid to go home as long as he is there." *See* Tenn.Code Ann. § 37–202(6)(vi) (Cum.Supp. 1982). L. D., M.'s mother, answered the petition denying all allegations except the allegations concerning the conviction of the father and his release from jail.

The record reflects the following material facts: M. was born October 11, 1967, and was 14 years of age at the time she was removed from her mother's home. M. has a twin sister and two brothers, one of whom, K. Jr.,[1] is approximately two years older than M. In the early part of 1981, M.'s father was sentenced to jail after being convicted of sexually assaulting M. After Mr. D.'s arrest, TDHS provided supervision in the D. home while individual members of the family received counseling at the Northwest Tennessee Mental Health Center. During this period of time, M. informed the TDHS counselor that she had been sexually active with boyfriends and that she was also being sexually harassed by her older brother, K. The counselor confronted K. and Mrs. D. with this information at which time both M. and K. denied any sexual relationship. No action was taken by TDHS in connection with this allegation at that particular time.

The petition in this case was filed by TDHS one day after Mr. D. was released from jail. At the trial it was stipulated that Mr. D. would not return to his home to live while M. was living there. M. testified, however, that she not only was afraid to live at the home while her father was there, she was also very much afraid of her older brother, K. Jr., because he had sexually molested her.

1. It is unclear from the record whether he is actually K. Jr., but we will refer to him as such to distinguish him from his father.

From the psychological testimony given by the psychological examiner for the area it appeared that M. at times was agitated, confused and distraught. During the period of time following the arrest of her father and his confinement in jail, the home life apparently was marked with confusion, unrest and instability.

The Juvenile Court made no written findings of fact and held in its order that M. was a dependent and neglected child and awarded temporary custody to TDHS. The order further provided that M. was to continue with counseling and "shall not be returned to home if K. D. is there."

Appellant, L. D., has presented three issues on appeal:

1. Whether the Law and Equity Court [2] incorrectly considered the disposition of the minor child without first finding that the child was dependent or neglected.

2. Whether the judgment of the Law and Equity Court is supported by clear and convincing evidence that the child is dependent or neglected.

3. Whether the Law and Equity Court erred in limiting defendant's cross examination of the plaintiff's case worker—witness.

The pertinent statutes are as follows: Tenn.Code Ann. § 37–202 (Cum.Supp. 1982): *Definitions.*—When used in this chapter unless the context otherwise requires:

\* \* \* \* \* \*

(6) "Dependent and neglected child" means a child:

\* \* \* \* \* \*

(vi) Who is in such condition of want or suffering or is under such improper guardianship or control as to injure or endanger the morals, or health of himself or others;

\* \* \* \* \* \*

Tenn.Code Ann. § 37–229 (Cum.Supp. 1982): *Hearings—Findings—Disposition of child.*—(a) After hearing the evidence on the petition the court shall make and file its findings as to whether the child is a dependent or neglected child, or if the petition alleged that the child is delinquent or unruly, whether the acts ascribed to the child were committed by him. If the court finds that the child is not a dependent or neglected child or that the allegations of delinquency or unruly conduct have not been established it shall dismiss the petition and order the child discharged from any detention or other restriction theretofore ordered in the proceeding.

\* \* \* \* \* \*

(c) If the court finds from clear and convincing evidence that the child is dependent or neglected or unruly, the court shall proceed immediately or at a postponed hearing to make a proper disposition of the case.

(d) In hearings under subsections (b) and (c) all evidence helpful in determining the questions presented, including oral and written reports, may be received by the court and relied upon to the extent of its probative value even though not otherwise competent in the hearing on the petition. The parties or their counsel shall be afforded an opportunity to examine and controvert written reports so received and to cross-examine individuals making the reports. Sources of confidential information need not be disclosed.

We will now consider the issues.

### ISSUES NOS. 1 & 2

Appellant asserts that the trial court must find from clear and convincing evidence that the child is dependent or neglected, and that the court failed to do so in this case. In support of this assertion, appellant points out that the complaint makes no allegation regarding M.'s fear of her brother, K. Jr., but only of her fear of her father who no longer lives with the family. The parties stipulated that the father would not live in the home if M. lived there. Finally, appellant asserts that the court's failure to make a finding as to

---

**2.** The Law and Equity Court in this case was sitting as the Juvenile Court.

alleged sexual relations between M. and her brother is fatal to a determination that she is a dependent or neglected child.

In this nonjury case, as to the finding of fact, our review will be *de novo* upon the record of the trial court, but since we are dealing with the custody of a minor child, we shall not indulge in the usual presumption of correctness. *See, Smith v. Smith,* 188 Tenn. 430, 439, 220 S.W.2d 627, 630 (1949); *Born v. Born,* 614 S.W.2d 49, 52 (Tenn.App.1981).

The statute under which TDHS proceeds provides that there must be clear and convincing evidence that a child is dependent or neglected. The term clear and convincing is a relative term and must be examined in light of the facts of each particular case. In the case sub judice, the subject of the suit is a 14-year old minor female, and obviously she has had her share of hard knocks and misfortune. She testified under oath that she was sexually "bothered" by her older brother, and was in fear of living in the home with him. Granted, any improper conduct was denied by the brother, and other evidence introduced in the case could be said to cast some doubt on the veracity of M.'s testimony. However, the trial court observed the manner and demeanor of the witnesses and is in a better position to determine the credibility of those who appear personally before the court. We will not disturb the trial court's ruling in regard to the credibility of witnesses unless other real evidence requires a contrary conclusion. *State ex rel. Spoone v. Mayor & Aldermen of Morristown,* 222 Tenn. 21, 431 S.W.2d 827, 831 (1968); *State ex. rel. Balsinger v. Town of Madisonville,* 222 Tenn. 272, 435 S.W.2d 803, 807 (1968).

We feel that in light of the circumstances of this particular case the 14-year old M.'s testimony that she is in fear of living in her home under the then existing circumstances, considering the background of her having been sexually assaulted by her own father, is clear and convincing evidence that she is under such improper guardianship or control as to in-

jure and endanger her morals or health, and that therefore she is a dependent *or* neglected child under the statute. The juvenile court's finding that she was a dependent or neglected child is supported by the record in this regard, and we do not feel that the court is required to state on the face of the order that there was clear and convincing evidence to support its finding. *See State of Tennessee Department of Human Services v. Gilbert and Lyons,* unreported opinion of the Court of Appeals, Eastern Section, filed April 2, 1982. Therefore, we do not feel that the appellant's assertions as to Issues Nos. 1 and 2 have any merit.

## ISSUE NO. 3

Appellant asserts that when her counsel attempted to cross-examine a TDHS caseworker about conversations that occurred prior to the filing of the petition and which concerned approval by TDHS of the father returning home, counsel was abruptly cut off by the judge from such line of questioning. The record does not reflect that the events actually transpired as related by appellant in her brief. The court did interject statements concerning the father's presence in the home, but the record does not in any manner reflect that counsel was instructed not to ask any question of the witness. Apparently, counsel simply abandoned the line of questioning after the colloquy with the judge. In any event, the substance of the information sought to be elicited by this testimony, as asserted by appellant in her brief, was that the father's return home was a result of discussions among the caseworker, the appellant and her husband. The parties stipulated at the trial that the father would not be in the home if the child lived there, thus, these alleged facts were irrelevant to any material issue in the trial on the petition. If there was any error in this regard, it certainly was not in any way harmful to appellant, and appellant's assertions are without merit.

We affirm the trial court and remand this case for such further proceedings as

necessary. The costs of the appeal are adjudged against the appellant for which execution may issue.

HIGHERS, J., and SUMMERS, Special Judge, concur.