Joe T. VAUGHN, Appellant,

v.

DAP FINANCIAL SERVICES,
INC., Appellee.

No. 01–96–01212–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 30, 1997.

## OPINION

NUCHIA, Justice:

DAP Financial Services, Inc. (DAP) sued Joe T. Vaughn as the guarantor of a $122,500 promissory note executed by Gierhart/Vaughn Construction Company. The trial court held Vaughn personally liable to DAP for the principal amount of $122,500 with interest, costs, and attorney's fees. We affirm the judgment.

## BACKGROUND

On July 25, 1984, Vaughn and Clell Gierhart, vice-president and president respectively of Gierhart/Vaughn Construction Company, signed an open continuing guaranty ("the 1984 guaranty") individually agreeing to repay all future loans made by Texas American Bank to their company. The guaranty covered a "guaranteed indebtedness" of the company up to $500,000. On November 4, 1987, Gierhart, in his capacity as president of Gierhart/Vaughn Construction Company, signed a promissory note ("the note") with Texas American Bank in the amount of $122,500. No payments were made on the note, which matured on November 3, 1989. Later, Texas American Bank became insolvent, and DAP purchased the note through a loan sale by Team Bank, who was acting as an agent of the FDIC, who in turn was acting as receiver for Texas American Bank.

On July 16, 1992, DAP filed suit against the guarantors Vaughn and Gierhart to recover from them individually the unpaid note signed by their company in 1987. Gierhart later filed bankruptcy and was eventually nonsuited. Following a one day bench trial on January 10, 1996, the trial court entered judgment in favor of DAP against Vaughn. Vaughn's motion for new trial was overruled and this appeal was subsequently perfected. Vaughn urges four points of error.

I. Nelson Heggen, Houston, for Appellant.

Jarrold A. Galzer, Houston, for Appellee.

Before NUCHIA, MIRABAL and O'CONNOR, JJ.

## DISCUSSION

### Point of Error No. 1

Vaughn challenges the legal and factual sufficiency of the evidence to support the

trial court's conclusion that he failed to terminate the guaranty.

Findings of fact in a bench trial have the same function as a jury's answers to questions in the charge. *Stern v. Wonzer,* 846 S.W.2d 939, 942 (Tex.App.—Houston [1st Dist.] 1993, no writ). These findings are reviewable for legal and factual sufficiency of the evidence to support them. *Id.* In reviewing legal insufficiency points, we consider only the evidence and inferences that tend to support the finding, and disregard all evidence and inferences to the contrary. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989). If there is any evidence of probative force to support the finding, the point of error must be overruled. *Sherman v. First Nat'l Bank,* 760 S.W.2d 240, 242 (Tex. 1988); *U.S. Marine Corp. v. Kline,* 882 S.W.2d 597, 600 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Evidence may not be found insufficient unless a vital fact may not reasonably be inferred from the facts proved in the particular case. *Cannon v. ICO Tubular Servs., Inc.* 905 S.W.2d 380, 386 (Tex.App.—Houston [1st Dist.] 1995, no writ).

When examining factual insufficiency points, we must examine all of the evidence. *Lofton v. Texas Brine Corp.,* 720 S.W.2d 804, 805 (Tex.1986); *Klekar v. Southern Pac. Transp.,* 874 S.W.2d 818, 827 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Under factual sufficiency points, the finding can only be set aside if it is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Lofton,* 720 S.W.2d at 805; *Klekar,* 874 S.W.2d at 827.

There is ample evidence in the record to dispose of Vaughn's legal sufficiency challenge. Vaughn testified that he signed the 1984 guaranty. The 1984 guaranty expressly states the guarantor may only terminate the agreement in writing. Vaughn admitted he was bound by the terms of the 1984 guaranty and that he did not terminate it in writing. This evidence is legally sufficient to find that Vaughn did not terminate the 1984 guaranty.

Further, when viewing the totality of the evidence, it is readily apparent that Vaughn's factual sufficiency challenge similarly fails. Vaughn testified that he orally terminated the 1984 guaranty, but did not offer any evidence of written termination, as required by the terms of the 1984 guaranty. Vaughn also testified that a later guaranty signed in 1986 ("the 1986 guaranty") was intended to replace the 1984 guaranty. However, the 1986 guaranty was a guaranty by Gierhart/Vaughn Construction Company of Vaughn's debt, unlike the 1984 guaranty, by which Vaughn guaranteed the debt of Gierhart/Vaughn Construction Company. The terms of the 1986 guaranty do not expressly or implicitly provide for the replacement of the 1984 guaranty.

Where the parties' intentions are clearly and unambiguously stated in the contract, a court gives effect to the intentions of the parties, as expressed in the contract. *Citizens Nat. Bank v. Texas & Pac. Ry. Co.,* 136 Tex. 333, 150 S.W.2d 1003, 1006 (1941); *Stern,* 846 S.W.2d at 944. The terms of the guaranty contracts are plain and unambiguous, and Vaughn provided no evidence at trial that would contradict the guaranties. Thus, sufficient evidence exists to support the trial court's finding that Vaughn did not terminate the 1984 guaranty.

We overrule Vaughn's first point of error.

### Point of Error No. 2

In his second point of error, Vaughn contends the trial court erred in granting judgment against him because DAP was not a holder of the note or the 1984 guaranty. Vaughn presents several arguments in support of this point of error.

### Right to Recover

Vaughn first argues DAP did not establish the right to recover on the note. To recover on a note through a guaranty, the plaintiff must show: (1) the existence of the note and guaranty; (2) the debtor signed the guaranty; (3) the plaintiff legally owned or held the guaranty; and (4) that a certain balance remains due and owing. *First Gibraltar Bank, FSB v. Farley,* 895 S.W.2d 425, 427 (Tex.App.—San Antonio 1995, writ denied). The evidence and testimony sub-

mitted to the trial court sufficiently establish DAP's right to recover the amount of the promissory note under the 1984 guaranty.

A corporation signs a note by the authorized signature of its agent. *Collin County Sav. & Loan v. Miller Lumber Co.,* 653 S.W.2d 114, 116 (Tex.App.—Dallas 1983, no writ). Gierhart testified he executed the note on behalf of Gierhart/Vaughn Construction Company. This testimony was uncontested. Further, Vaughn testified he personally signed the 1984 guaranty. A continuing guaranty is one which contemplates a future course of dealing between the lender and debtor, and is intended to apply to other liabilities as they accrue. *Sonne v. FDIC,* 881 S.W.2d 789, 793 (Tex.App.—Houston [14th Dist.] 1994, writ denied). As discussed above, Vaughn did not terminate this guaranty agreement. Thus, while Vaughn did not sign the note, he admittedly guaranteed the future debt of Gierhart/Vaughn Construction Company which accrued when the note defaulted.

In *Hanks v. NCNB Texas Nat'l Bank,* 815 S.W.2d 763, 765 (Tex.App.—Eastland 1991, no writ), the court held that where a bank officer stated that copies of a note and guaranty were true and genuine copies, provided principal balances and interest due, and confirmed that the bank was the legal holder and owner of certain notes and guarantees and the sole party to enforce the same, there was legally sufficient evidence to prove legal holder and ownership status. DAP established it was the legal holder and owner of the note and the 1984 guaranty through the testimony of Kenneth R. Smith, executive vice-president of DAP. Smith testified to each of the above components, and Vaughn offered no evidence to the contrary during trial. Therefore, the evidence is legally and factually sufficient to establish the right to recover on the 1984 guaranty.

### Valid Transfer

Vaughn also attacks the sufficiency of the evidence to show a valid transfer of title from Texas American Bank/Galleria to DAP. Although the assignment document only recites that title to the documents passed from Texas American Banks/Dallas to the FDIC, Kenneth Smith, executive vice-president of DAP, testified that DAP purchased this particular loan in a loan sale, after Texas American Bank went defunct. At trial, Vaughn had the opportunity to cross-examine Smith and rebut his testimony; he did neither. Accordingly, the evidence was legally and factually sufficient to demonstrate a valid transfer of title to DAP.

### Holder in Due Course

Vaughn argues the trial court's finding of fact and conclusion of law that DAP is a holder in due course of the note and the 1984 guaranty are in error.

Vaughn contends DAP is not a holder in due course of the note. Vaughn argues DAP had notice the note was in default when DAP purchased it from Team Bank in 1991. *See* TEX.BUS. & COMM.CODE ANN. § 3.302(a)(2) (Vernon Supp.1997) (stating that holder must have taken instrument without notice that instrument was overdue or in default to satisfy holder in due course status); *Graham & Locke Invs., Inc. v. Madison,* 295 S.W.2d 234, 244 (Tex.Civ.App.—Dallas 1956, writ ref'd n.r.e.). However, in its findings of fact and conclusions of law, the trial court specifically concluded that DAP was a holder in due course of the note pursuant to federal law.

The fact that DAP knew of the note's default is of no consequence under the federal holder in due course doctrine. The federal holder in due course doctrine prohibits debtors from asserting personal defenses against the FDIC and subsequent note holders of the FDIC whether or not they satisfy the technical requirements of state law. *Campbell Leasing, Inc. v. FDIC,* 901 F.2d 1244, 1249 (5th Cir.1990); *FSLIC v. Cribbs,* 918 F.2d 557, 559 (5th Cir.1990); *RTC v. Crow,* 763 F.Supp. 887, 895 (N.D.Tex.1991); *RTC v. Ammons,* 836 S.W.2d 705, 710 (Tex. App.—Houston [1st Dist.] 1992, no writ). Federal common law also prohibits these same defenses against the FDIC and private purchasers from the FDIC. *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) (codified as 12 U.S.C. § 1823(e)); *Porras v. Petroplex Sav.*

*Ass'n,* 903 F.2d 379, 381 (5th Cir.1990); *Ammons,* 836 S.W.2d at 709.

■ Vaughn also argues DAP is not a holder in due course of the 1984 guaranty because the 1984 guaranty is not a negotiable instrument. DAP, in its pleadings, conceded that a guaranty is not a negotiable instrument.

Chapter 3 of the Texas Uniform Commercial Code (UCC), Commercial Paper, applies only to negotiable instruments. *See* Tex.Bus. & Comm.Code Ann. § 3.102 (Vernon Supp. 1997). A guaranty agreement is not a negotiable instrument, and is not governed by provisions of the Texas UCC. *Dann v. Team Bank,* 788 S.W.2d 182, 186 (Tex.App.—Dallas 1990, no writ); *Cortez v. National Bank of Commerce,* 578 S.W.2d 476, 478 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *see also* Tex.Bus. & Comm.Code Ann. § 3.102–3.104 (Vernon 1994). The federal holder in due course doctrine likewise applies only to negotiable instruments. *Sunbelt Sav. v. Montross,* 923 F.2d 353, 356–57 (5th Cir.1991); *Stiles v. RTC,* 831 S.W.2d 24, 27 (Tex.App.—Dallas 1992), *rev'd on other grounds,* 867 S.W.2d 24, 26 (Tex.1993). Because the 1984 guaranty is not a negotiable instrument, DAP cannot be a holder in due course of the 1984 guaranty.

■ The seventh finding of fact and the sixth conclusion of law both state DAP is a holder in due course of the note as well as the guaranty. The trial court did not err in finding DAP was a holder in due course of the note, but the court did err in finding DAP was the holder in due course of the 1984 guaranty.

■ An incorrect finding of fact or conclusion of law does not warrant a reversal if the judgment is otherwise correct. *Able v. Able,* 725 S.W.2d 778, 780 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Reversal is only proper when the reviewing court is convinced that a different verdict would have been rendered but for the error. *Snider v. Grey,* 688 S.W.2d 602, 604 (Tex. App.—Corpus Christi 1985, writ dism'd w.o.j.). The trial court's conclusions of law are reviewable de novo as a question of law, and will be upheld on appeal if the judgment

can be sustained on any legal theory supported by the evidence. *Nelkin v. Panzer,* 833 S.W.2d 267, 268 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.).

Vaughn argues the trial court's erroneous finding that DAP is a holder in due course prevented him from benefitting from "his asserted and proven defenses." This argument is without merit with regards to the promissory note, because the trial court was correct in finding that DAP was a holder in due course of the note.

With regard to the continuing guaranty, the trial court provided Vaughn great latitude at trial in his attempt to prove he orally terminated the continuing guaranty. In findings of facts number 5 and 5(a), as well as conclusion of law number 5, the trial court specifically held that Vaughn "submitted no written evidence that he canceled or revoked the continuing guaranty prior to the execution of the promissory note[,]" and that "[t]he continuing guaranty signed by Joe T. Vaughn was not revoked or cancelled [sic] prior to the execution of the promissory note."

The trial court did not dispose of Vaughn's oral termination argument by erroneously holding that DAP was the holder in due course of the 1984 guaranty, and thus, could not submit personal defenses to the 1984 guaranty. Instead, as the reporter's record, findings of fact, and conclusions of law show, the trial court found that Vaughn's attempt to orally terminate the continuing guaranty was ineffective.

The fact that the guaranty was a simple contract, and not a negotiable instrument, does not change the trial court's disposition of this case. The continuing guaranty, which was signed by Vaughn and which was in full effect and force, contractually ensured Vaughn's personal liability for any debts of Gierhart/Vaughn Construction Company to Texas American Bank or its assigns. The guaranty states in pertinent part:

16. Bank Assigns. This Guaranty is intended for and shall inure to the benefit of Bank *and each and every person who shall from time to time be or become the owner or holder of any of the Guaranteed Indebtedness,* and each and every reference here-

in to "Bank" shall include and refer to each and every successor or assignee of Bank at any time holding or owning any part of or interest in any part of the Guaranteed Indebtedness. *This Guaranty shall be transferable and negotiable with the same force and effect, and to the same extent, that the Guaranteed Indebtedness is transferable and negotiable,* it being understood and stipulated that *upon assignment or transfer by Bank of any of the Guaranteed Indebtedness the legal holder or owner of said Guaranteed Indebtedness* (or a part thereof or interest therein thus transferred or assigned by Bank) *shall* (except as otherwise stipulated by Bank in its Assignment) *have and may exercise all of the rights granted to Bank under this Guaranty to the extent of that part of or interest in the Guaranteed Indebtedness thus assigned or transferred to said person.* Guarantors expressly waive notice of transfer or assignment of the Guaranteed Indebtedness, or any part thereof, or of the rights of Bank hereunder.

 Unless otherwise stipulated, all contracts are freely assignable. *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.,* 823 S.W.2d 591, 596 (Tex.1992). A non-negotiable note remains susceptible of assignment, as in the case of any other chose of action. *Dillard v. NCNB Tex. Nat'l Bank,* 815 S.W.2d 356, 360 (Tex.App.—Austin 1991, no writ), *overruled on other grounds, Amberboy v. Societe de Banque Privee,* 831 S.W.2d 793, 797 (Tex.1992); *Lexington Ins. Co. v. Gray,* 775 S.W.2d 679, 682 (Tex.App.—Austin 1989, writ denied), *overruled on other grounds, Amberboy v. Societe de Banque Privee,* 831 S.W.2d 793, 797 (Tex.1992); 10 C.J.S. *Bills and Notes* § 140, 165 (1995). DAP, although not a holder in due course of the guaranty as a negotiable instrument, is the contractual owner of the "guaranteed indebtedness" of Gierhart/Vaughn Construction Company, and the benefit of a contractual continuing guaranty ensuring payment thereof. Pursuant to the plain terms of the continuing guaranty, it is intended for and shall inure to the benefit of Texas American Bank, as well as *"each and every person who shall from time to time be or become the owner or holder of any of the Guaranteed Indebtedness."* As a result, because Vaughn did not terminate the continuing guaranty, Vaughn is contractually liable to DAP for the Guaranteed Indebtedness of Gierhart/Vaughn Construction Company.

## Irreconcilable Conflict

Vaughn also asserts the trial court's findings of fact 4 and 7 are in irreconcilable conflict, thus destroying the judgment. These findings of fact state:

4. No payments have been made to Texas American Bank or its assigns pursuant to the $122,500.00 promissory note by Gierhart/Vaughn Construction Company.

7. Plaintiff, D.A.P. Financial Services, Inc. is a holder in due course of the note and guaranty as an assignee of the Federal Deposit Insurance Corporation.

Vaughn argues that it is impossible for DAP to take the note with notice of its default status, and still remain a holder in due course. As discussed *supra,* DAP was a holder in due course of the note pursuant to federal law, thus, rendering DAP's alleged notice of the note's default of no consequence. *Campbell Leasing, Inc.,* 901 F.2d at 1249. Accordingly, there is no conflict in the trial court's findings.

We overrule Vaughn's second point of error.

## Point of Error No. 3

Vaughn contends in his third point of error that the trial court erred in excluding the testimony of Robert J. Sweeney, senior vice-president of Texas American Bank–Galleria. Vaughn attempted to call Sweeney at trial. DAP objected, on the ground that Vaughn had not properly supplemented its discovery request with Sweeney's address and telephone number. The trial court sustained the objection, and refused to allow Sweeney's testimony. Through an offer of proof, Vaughn demonstrated that Sweeney would have testified that Vaughn orally terminated the 1984 guaranty.

Vaughn raises two separate arguments in support of his point of error. One is that because DAP had been provided with Sweeney's name and only the address and phone number were missing, DAP's failure to object or file a pretrial motion to compel, waived any exclusion of Sweeney's testimony. The second argument is that Vaughn provided good cause for not supplementing the interrogatories.

A party may request the identity and location (name, address, and telephone number) of any potential party and of persons having knowledge of relevant facts. TEX.R.CIV.P. 166b(2)(d). Rule 166b(6)(a) requires a party to supplement an answer if "he knows that the response was incorrect or incomplete when made...." Further, rule 215(5) states:

> A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record.

TEX.R.CIV.P. 215(5).

■ This exclusion sanction is automatic. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 297 (Tex.1986). In *Morrow*, a party's failure to supplement a discovery response with the correct location of a witness resulted in the exclusion of the witness's testimony. The Texas Supreme Court has repeatedly held that absent good cause, testimony must be excluded when the witness is not properly identified. *See e.g., Aluminum Co. of Am. v. Bullock*, 870 S.W.2d 2, 3 (Tex.1994); *Morrow*, 714 S.W.2d at 297; *Yeldell v. Holiday Hills Retirement & Nursing Ctr.*, 701 S.W.2d 243, 247 (Tex.1985).

In response to DAP's interrogatories requesting names, addresses, and telephone numbers of persons with knowledge of relevant facts, Vaughn merely responded with the location of Sweeney as "unknown."

Vaughn never supplemented this response. Vaughn's portion of the pretrial order listing Vaughn's witnesses also omitted Sweeney's location. Vaughn's counsel admitted that he received a possible location for Sweeney more than two months before trial. However, Vaughn's counsel did not verify that Sweeney was in fact at that address until two days before trial, and then still failed to supplement the answer to DAP's interrogatory. Therefore, absent good cause, exclusion of Sweeney's testimony was proper.

■ Determination of good cause is within the sound discretion of the trial court. *Bullock*, 870 S.W.2d at 3; *Collins v. Collins*, 904 S.W.2d 792, 800 (Tex.App.—Houston [1st Dist.] 1995), *writ denied per curiam*, 923 S.W.2d 569 (Tex.1996). The determination can only be set aside if this discretion is abused. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442 (Tex.1984). To establish a clear abuse of discretion, it must be shown that the trial court failed to act with reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–242 (Tex.1985); *Murphree v. Ziegelmair*, 937 S.W.2d 493, 495 (Tex.App.—Houston [1st Dist.] 1995, no writ). In other words, the appellate court must determine whether the trial court's action was arbitrary or unreasonable in light of all the circumstances of the case. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex.1990); *Collins*, 904 S.W.2d at 800.

■ The burden for showing good cause is on the party offering the testimony. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 395 (Tex.1989); *Weng Enters., Inc. v. Embassy World Travel, Inc.*, 837 S.W.2d 217, 221 (Tex.App.—Houston [1st Dist.] 1992, no writ). Documentary or testimonial proof must be supplied to sustain the burden of establishing good cause; mere argument of counsel at trial is inadequate. *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 671–72 (Tex.1990); *Walsh v. Mullane*, 725 S.W.2d 263, 264 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). A showing that the requesting party is not surprised by the failure to properly provide the identity and location information is not sufficient to establish good

cause for the failure to supplement interrogatories with the location of the witness. *Morrow*, 714 S.W.2d at 298; *see also Wells v. HCA Health Servs.*, 806 S.W.2d 850, 852 (Tex.App.—Fort Worth 1990, writ denied) (good cause not satisfied by showing that witness's identity is known by all parties).

■ The only assertion offered to establish good cause was Vaughn's counsel's assertion at trial, which was disputed by DAP's counsel, that he informed DAP's counsel of Sweeney's alleged whereabouts. In light of the fact that Vaughn's counsel received information about Sweeney's location more than two months before trial, and did not supplement the interrogatory answer, the trial court did not abuse its discretion in finding there was a lack of good cause. Tex.R.Civ.P. 168(5); *Sharp*, 784 S.W.2d at 671–72; *see also Foster v. Cunningham*, 825 S.W.2d 806, 808 (Tex.App.—Fort Worth 1992, writ denied) (holding that failure to locate a witness until five days prior to trial does not satisfy the good cause requirement).

We overrule Vaughn's third point of error.

### Point of Error No. 4

■ Vaughn also takes issue with the trial court's final conclusion of law that states DAP is entitled to recover from Vaughn reasonable attorney's fees in the event of appeal. Vaughn argues the trial court erred since this award is not conditioned upon DAP's success on appeal. DAP does not contest this point of error, and agrees that reasonable attorney's fees should be contingent upon the success of the appeal. *Pao v. Brays Village East Homeowners Ass'n, Inc.*, 905 S.W.2d 35, 38–39 (Tex.App.—Houston [1st Dist.] 1995, no writ). The proper remedy is for this Court to reform the judgment. *Id., see Sipco Serv. Marine, Inc. v. Wyatt Field Serv. Co.*, 857 S.W.2d 602, 608 (Tex.App.—Houston [1st Dist.] 1993, no writ) (op. on reh'g).

We reform the judgment to read that the award of additional attorney's fees to appellee, in the event of appeal by appellant, is conditioned upon appellee's prevailing on appeal. As reformed, the judgment is affirmed.