Opinion issued July 1, 2004








    





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00812-CV




CITY OF HOUSTON, Appellant

V.

ALLCO, INC., Appellee




On Appeal from the 80th District Court 
Harris County, Texas
Trial Court Cause No. 99-56191 




MEMORANDUM OPINION
          Allco, Inc. sued the City of Houston (“the City”) for breach of contract,
alleging that the City failed to pay for “extra work” that Allco performed in
conjunction with a contract between Allco and the City. The City appeals the trial
court’s judgment awarding Allco damages. In deciding the City’s five issues raised
on appeal, we determine (1) whether the City’s immunity from suit has been waived;
(2) whether the trial court correctly interpreted the contract at issue; (3) whether the
trial court’s findings of fact support its judgment; and (4) whether factually sufficient
evidence exists to support the amount of damages awarded to Allco.
          We affirm.
Factual and Procedural Background
          In 1994, Allco entered into a contract (“the contract”) with the City to provide
“sewer rehabilitation services.” In several of its provisions, the contract specified that
Allco would not be entitled to compensation for “extra work,” i.e., work that was not
already approved under the contract, unless Allco notified the City that extra work
was required and received prior, written approval for the extra work from the City’s 
engineer. 
          Unrelated to the contract, residents of the Kennedy Heights region of Houston
filed a toxic tort suit in 1995 against Chevron U.S.A., Inc. in Texas state court. The
residents alleged that Chevron contaminated the soil in their neighborhoods with
petroleum by-products. On July 10, 1995, the state court ordered the City to notify
counsel for the tort plaintiffs of any sewer work being performed in the Kennedy
Heights subdivision. That order was dissolved by further order on August 11, 1995. 
          In June 1996, Allco was conducting sewer rehabilitation work for the City
under work order number 38 in the Crestmont subdivision—an area included within
the scope of the Kennedy Heights tort litigation. At that time, the City had never
informed Allco of the Kennedy Heights litigation filed in state court. Also unknown
to Allco, another lawsuit had been filed by Kennedy Heights residents in Houston
federal court. On June 18, 1996, at 5:10 p.m., a federal marshal served Allco with a
temporary restraining order signed by the federal judge in the second Kennedy
Heights suit. The order required Allco to cease further excavation work on the
Crestmont project. At that time, Allco had 70 to 80 open trenches in the Crestmont
subdivision. Allco faxed a copy of the temporary restraining order to the City’s
public works department. 
          The following day, Allco entered into an agreed order, which required Allco 
to establish a plan to “rope off” the construction site and areas where the excavated
dirt was stored and to provide the tort plaintiffs access to monitor the site. Allco
hauled the dirt, which had been excavated prior to Allco’s receiving the restraining
order, to an esplanade where the dirt was covered and a fence was erected. 
          Although the contract permitted Allco to use the excavated dirt to refill the
trenches it had dug, Allco believed that the language of the agreed order, requiring
it to secure the dirt, prevented Allco from using that dirt to refill the trenches. As a
result, Allco purchased and trucked in new dirt—an expense it would not have
normally incurred under the contract. During these activities, city inspectors were
present at the work site.
          On June 21, 1996, an assistant city attorney sent Allco a letter, demanding that
Allco dispose of the “excess excavated material and debris.” If Allco did not do as
requested, the assistant city attorney warned Allco that it would be in breach of
contract. After receiving the letter, Allco paid for the transport and disposal of the
excavated dirt. As part of the disposal process, Allco hired a company to test the
excavated dirt to determine whether it was contaminated. By the end of July 1996,
the excavated dirt had been trucked to a landfill for disposal at Allco’s expense.
          On February 10, 1998, Allco submitted a claim to the City for the extra work
associated with the Kennedy Heights litigation. The city attorney denied the claim
six months later. In April 1999, Allco sought approval for the extra work from the
City’s engineer. The City did not respond. Allco then filed suit against the City,
alleging breach of contract and seeking $89,306.43 in damages for the extra work it
had completed in the Crestmont subdivision. Following a bench trial, the trial court
signed a judgment in favor of Allco. The court found that Allco was entitled only to
part of the damages it requested. The trial court awarded the company $27,468.88,
plus interest, representing the costs associated with testing, moving, and ultimately
disposing of the excavated dirt. 
          The trial court also signed findings of fact and conclusions of law in support
of its judgment. In its findings, the trial court acknowledged that the contract
“provides for extra work and sets out the procedure to be followed in carrying out
extra work.” The court also found that the contract “requires notice, relative to extra
costs, and Allco used this format in complying with the claim filing process.” 
Relatedly, in finding of fact 23, the trial court found, 
Allco concedes that no prior[,] written approval was sought and
obtained for changes[.] Allco’s testifying representative stated he would
not have gone on to the job in the first instance without a plan and
approval from the City had the City informed Allco about the Kennedy
Heights litigation[.] Had the City of Houston informed Allco of this
litigation, Allco would have sought written authorization[.]
          Relating to the costs that Allco incurred in testing and disposing of the
excavated dirt, finding of fact 18(D) reads, in part, as follows: 
While the [agreed order] did not specifically require Allco to truck the
soil, Allco responded reasonably to that order in thinking that it was
necessary to remove the soil[.] Additionally, Allco reasonably
responded to the Assistant City Attorney’s directive not to breach the
contract and to “remove excess excavated material and debris
immediately.” 
          The trial court also filed the following three “conclusions of law,” which are
actually findings of fact:



1.Since the engineer for the City of Houston never responded to the
complaint and the claim from the date of the occurrence in [sic]
June 18 and 19, 1996, up and until the date of trial, March 27,
2002, the Court assumed it would have been futile for Allco to
attempt to obtain change orders in order to respond to the Court
order that it was subjected to.
 
2.Allco reasonably relied upon its interpretation of the temporary
restraining order, the agreed order of the Federal Court and the
directive of the assistant city attorney of the City of Houston. 
Allco relied to its detriment in removing the dirt after June 21,
1996[.] The City should answer to Allco for its extra costs. 
 
3.Given the issue of possible contamination brought to the attention
of Allco, Allco’s conduct in response was reasonable and in the
interest of public safety.
          On appeal, the City challenges the trial court’s judgment in five issues.
Waiver of Immunity from Suit
          In its first issue, the City contends that it is immune from suit.


 Allco responds
that the City’s immunity from suit is waived by the clear and unambiguous language
of article II, section 1 of the City’s charter, which provides that the City “may sue and
be sued . . . in all courts and places and in all matters whatever . . . .” City of
Houston Charter, art. II, § 1 (Act of 1905). 
          We recently addressed this same issue in United Water Services, Inc. v. City of
Houston, holding that the “sue and be sued” language in the City’s charter waived its
immunity from suit. No. 01-02-01057-CV, slip. op. at 21 (Tex. App.—Houston [1st
Dist.] Apr. 29, 2004, pet. filed). Accordingly, we overrule the City’s first issue.
Breach of Contract
The Trial Court’s Contract Interpretation
          In its second issue, the City contends that the trial court erred in interpreting
the contract’s provisions governing the conditions under which Allco could receive
compensation for conducting extra work. According to the City, the trial court
concluded (1) that the contract did not require Allco to give notice to the director of
public works before engaging in extra work and (2) that Allco was not required under
the contract to obtain the director’s prior, written approval for the extra work. 
          We disagree with the City’s characterization of the trial court’s interpretation
of the contract. A review of the trial court’s findings of fact reveals that the trial court
recognized that the contract required Allco to give notice and receive approval from
the City’s engineer. As discussed below, however, the findings also support a
conclusion by the trial court that, under the particular facts of this case, Allco was
excused from complying with these conditions for payment. Because we disagree
with its characterization of the trial court’s contract interpretation, we overrule the
City’s second issue.
 
 
Legal Theory Supporting Liability for Breach of Contract
          In its third issue, the City contends that the evidence presented at trial was
legally and factually insufficient to support the trial court’s conclusion of law number
one, which provides that it would have been futile for Allco to seek approval from the
City before engaging in the extra work. 
          We begin by noting that conclusion of law number one is actually a finding of
fact. In any event, even if a court’s conclusions of law are erroneous, we will not
reverse the court’s order if its controlling findings of fact will support the judgment
under a correct legal theory. Westech Eng’g, Inc. v. Clearwater Constructors, Inc.,
835 S.W.2d 190, 196 (Tex. App.—Austin 1992, no writ). An incorrect finding of fact
or conclusion of law does not warrant a reversal if the judgment is otherwise correct. 
Vaughn v. DAP Fin. Servs., Inc., 982 S.W.2d 1, 6 (Tex. App.—Houston [1st Dist.]
1997, no pet.). Reversal is only proper when the reviewing court is convinced that
a different verdict would have been rendered but for the error. Id. at 6. 
          Whether the trial court correctly found that it would have been futile for Allco
to seek approval is not determinative of whether Allco was entitled to compensation
for the extra work. The trial court also made the following findings of fact that are
controlling in this case: (1) Allco reasonably believed that the assistant city attorney
instructed it to remove the soil; (2) Allco reasonably responded to the agreed order
and the assistant city attorney’s directive in removing the excavated soil; (3) Allco
detrimentally relied on the directive of the assistant city attorney and the agreed order
in making its decision to remove the excavated dirt; (4) Allco would have sought
written authorization from the City had the City informed Allco of the Kennedy
Heights litigation; and (5) Allco acted reasonably and in the interest of public safety
in removing potentially contaminated soil. 
          In this case, the aforementioned findings of fact support the trial court’s
judgment. Although not expressly concluded by the trial court, these controlling
findings support the legal theory that the City, by its conduct and the circumstances
of this case, waived Allco’s obligation to give notice and obtain approval from the
City’s engineer. This is true even assuming the obligation to give notice and obtain
approval were conditions precedent to receiving payment.
          A condition precedent is an event that must happen or be performed before a
right can accrue to enforce an obligation. Centex Corp. v. Dalton, 840 S.W.2d 952,
956 (Tex. 1992); Hohenberg Bros. Co. v. George E. Gibbons & Co., 537 S.W.2d 1,
3 (Tex. 1976). When a contract contains a condition precedent, the condition must
either have been met or excused before the other party’s obligation can be enforced. 
Cal-Tex Lumber Co. v. Owens Handle Co., 989 S.W.2d 802, 809 (Tex. App.—Tyler
1999, no pet.). 
          A condition precedent may be waived and such waiver may be inferred from
a party’s conduct. Sun Exploration & Prod. Co. v. Benton, 728 S.W.2d 35, 37 (Tex.
1987); Bekins Moving & Storage Co. v. Williams, 947 S.W.2d 568, 576 (Tex.
App.—Texarkana 1997, no writ). The performance of a condition precedent can be
waived or modified by the party to whom the obligation was due by word or deed. 
Ames v. Great S. Bank, 672 S.W.2d 447, 449 (Tex. 1984). Waiver is an intentional
relinquishment of a known right or intentional conduct inconsistent with claiming
that right. Mass. Bond & Ins. Co. v. Orkin Exterm. Co., 416 S.W.2d 396, 401 (Tex.
1967). Additionally, a condition precedent may be excused under certain
circumstances. See Lesikar Constr. Co. v. Acoustex, Inc., 509 S.W.2d 877, 881 (Tex.
Civ. App.—Fort Worth 1974, writ ref’d n.r.e.). Indeed, it is a rule of construction that
a forfeiture by finding a condition precedent is to be avoided when possible under
another reasonable reading of the contract. Schwarz-Jordan, Inc. v. Delisle Constr.
Co., 569 S.W.2d 878, 881 (Tex. 1978). 
          Assuming the contract provisions at issue in this case are conditions precedent
to the City’s contractual obligation to pay Allco for extra work, the controlling
findings of fact in this case support a conclusion that the City waived performance
of these conditions by its words and deeds. Specifically, the findings of fact relating
to the City’s failure to inform Allco of the Kennedy Heights litigation and the
assistant city attorney’s directive to dispose of the excavated soil support such
conclusion. 
          Moreover, Allco is entitled to the compensation that it was awarded by the trial
court because equity will not permit the enforcement of a forfeiture in an inequitable
and oppressive manner. See Dewhurst v. Gulf Marine Inst. of Tech., 55 S.W.3d 91,
98 (Tex. App.—Corpus Christi 2001, pet. denied). Equity will relieve against a
forfeiture whenever enforcement would be against good conscience. Id.; Gardner v.
Platt, 68 S.W.2d 297, 299 (Tex. Civ. App.—Austin 1934, writ ref’d); Mo. State Life
Ins. Co. v. Le Fevre, 10 S.W.2d 267, 270 (Tex. Civ. App.—Waco 1928, writ dism’d
w.o.j.). The trial court found that Allco reasonably relied to Allco’s detriment on its
interpretation that the agreed order required Allco to haul in new soil to fill the
trenches. The trial court also found that Allco reasonably relied on the assistant city
attorney’s directive to remove the excavated soil from the site. The trial court further
found that, based on the threat of possible contamination, Allco’s conduct was
reasonable and in the interest of public safety. As a result, the findings of fact show
that Allco was caught between compliance with the agreed order, complying with the
extra-work provisions of the contract, following the directive from the city attorney’s
office, and acting in the interest of public safety. The trial court’s findings of fact
support the interposition of equity in this case. See Jones v. Gibbs, 130 S.W.2d 265,
272-73 (Tex. 1939) (interposing equitable principles to excuse performance of
condition in option contract).
          We hold that the controlling findings of fact support the trial court’s judgment
under a correct legal theory. We overrule the City’s third issue.
Findings of Fact Regarding Reasonableness of Allco’s Conduct and Reliance 
          In issue four, the City challenges the trial court’s “conclusions of law,” which
are actually findings of fact, (1) that Allco reasonably relied to its detriment on the
directive of the assistant city attorney and the agreed order in making its decision to
remove the excavated dirt and (2) that Allco acted reasonably and in the interest of
public safety in removing potentially contaminated soil. 
          The City contends that these findings of fact do not support Allco’s breach of
contract claim, but could only support a cause of action not pled by Allco, such as
fraud or promissory estoppel. We disagree. As discussed in conjunction with issue
three, these findings of fact support recovery by Allco under its breach of contract
claim. Thus, the City’s contention is without merit.
          Although not brought as a formal legal or factual sufficiency challenge, the
City also contends under this issue that “the facts do not support the trial court’s
findings and conclusions.” We construe this as a factual sufficiency challenge. 
          Findings of fact in a bench trial have the same force and dignity as a jury
verdict; thus, an appellate court reviews sufficiency challenges to findings of fact by
the same standards as apply in reviewing a jury’s findings. Anderson v. City of Seven
Points, 806 S.W.2d 791, 794 (Tex. 1991). In a factual-sufficiency review, we weigh
all of the evidence in the record and overturn the finding only if it is so against the
great weight and preponderance of the evidence as to be clearly wrong and unjust. 
Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).
          Regarding the trial court’s finding that Allco reasonably relied to its detriment 
on the agreed order, the City asserts that the agreed order required nothing “more than
that Allco allow the plaintiffs access to monitor and test the soil” and that the tort
plaintiffs’ attorney told Allco that testing of the excavated soil was not necessary. 
The City mischaracterizes the agreed order. The order not only required Allco to
provide the plaintiffs access to monitor and test the soil, but also required Allco to
“rope off” and “protect” any area where excavated soil was stored. Even assuming
that the tort plaintiffs’ counsel told Allco that the soil did not need to be tested, such
evidence does not refute or undermine the trial court’s finding that Allco relied to its
detriment on the agreed order in deciding to remove the excavated soil. 
          Regarding Allco’s reliance on the assistant city attorney’s letter, the City
contends that the letter “simply reminded Allco of its responsibility under the contract
not to let excess soil and debris accumulate after completion of a repair.” However,
this contention fails to place the statement within the context of the entire letter. The
City does not mention that the letter also warned Allco that its failure to remove the
dirt could “adversely affect the health and safety of the citizens of Houston” and that
such failure could put Allco in breach of the contract. When read in its entirety, the
letter provides a sufficient basis for the finding of fact that Allco reasonably relied to
its detriment on the assistant attorney’s letter in deciding to remove the excavated
soil. 
          Lastly, the City argues that “the facts” do not support the trial court’s finding
of fact that Allco acted reasonably and in the interest of public safety in removing the
soil because the soil was later determined not to be contaminated. The trial court
found that Allco acted reasonably based on “possible contamination,” not actual
contamination. Moreover, the City’s position is belied by the language of the
assistant city attorney’s letter to Allco which warned that the failure to remove the
dirt could “adversely affect the health and safety of the citizens of Houston.” 
Accordingly, we hold that factually sufficient evidence exists in the record to support
the challenged findings. 
          We overrule the City’s fourth issue.
Factual Sufficiency of Damages Evidence
          In its fifth issue, the City contends that the evidence is factually insufficient to
support the trial court’s award of damages to Allco. In particular, the City attacks the
factual sufficiency of the evidence to support the trial court’s award of labor costs to
Allco. In “additional findings of fact,” the trial court found that Allco was entitled
to recover labor costs for only certain days that it was at the site. Specifically, the
court found that Allco had presented sufficient proof to support an award of its labor
costs for the following dates: June 22, 1996 and July 18, 19, and 22, 1996. For those
dates, the trial court found that Allco was entitled to labor costs totaling $5,562.98. 
The trial court awarded these labor costs based on the testimony of Clyde Rice, who
was Allco’s corporate representative, handwritten notes detailing the work that was
done at the site, and invoices submitted by Allco to the City. The trial court
disallowed labor costs sought by Allco for seven other days that it was working at the
site. 
          In support of its factual sufficiency attack, the City first points out that Rice
testified that the handwritten notes offered in support of Allco’s damages were not
contemporaneously made with the work performed. However, the City provides no
substantive argument explaining whether the notes were required to be
contemporaneously made with the work performed or how this affects the probative
value of the evidence. 
          The City also points out that inconsistencies exist between the handwritten
notes and the invoices submitted by Allco to the City. The only examples cited by
the City in its brief are alleged inconsistencies for June 17, 18, and 26, 1996—dates
for which Allco was not awarded labor costs. These inconsistencies do not serve to
undermine the weight of the evidence supporting the award of the labor costs for June
22, 1996 and July 18, 19, and 22, 1996. 
          The City correctly points out Rice testified that he could not determine from
the payroll records which employees were working on the Crestmont project. 
Nonetheless, a combination of Rice’s independent recollection, the handwritten notes,
and the invoices establish the number of employees working on the dates for which
labor costs were awarded and provide a basis for the trial court’s award.
          Lastly, the City complains that Allco was not entitled to “cleanup costs” for
June 22, 1996 because such costs were not “extra” expenses, but, rather were
included in work that Allco was required to complete under the contract, i.e., costs
that were already “pay items” under the contract. Despite this general assertion, the
City cites no record reference establishing that Allco charged the City for extra
“cleanup costs” on June 22, 1996. To the contrary, Rice testified that, in relation to
the extra work performed in the Crestmont subdivision, Allco did not charge the City
for any “pay items” already covered by the contract. Rice testified that the only
additional claims that Allco submitted to the City were for extra costs incurred as a
result of the Kennedy Heights litigation.
          Applying the appropriate standard of review, we hold that the evidence was
factually sufficient to support the trial court’s award of labor costs to Allco. We
overrule the City’s fifth issue.

Conclusion
          We affirm the judgment of the trial court.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Alcala, and Higley.