Mary Duncan BURGESS, Appellant,

v.

Frank BURGESS, Appellee.

No. 01–91–00734–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 2, 1992.

Rehearing Denied Aug. 20, 1992.

Dianne Richards, Houston, for appellant.

Ray Epps, Houston, for appellee.

Before PARROTT, C.J., and DUNN and WILSON, JJ.

## OPINION

WILSON, Justice.

This appeal arises from a default judgment in a divorce suit entered against the appellant, Mary Burgess, in favor of the appellee, Frank Burgess. Mrs. Burgess filed a motion for a new trial, and the trial court denied her motion. On appeal, Mrs. Burgess argues the trial court erred by

refusing to grant her motion for new trial. We affirm.

Mrs. Burgess filed an original petition for divorce on June 22, 1989. Mr. Burgess responded with a general denial on July 20, 1989, and later filed a cross-petition for divorce. Mr. Burgess' attorney requested and received a trial setting for April 15, 1991. He notified Mrs. Burgess of the trial date by both certified and regular mail.

Despite receiving notice of the setting, Mrs. Burgess did not appear for trial on April 15. After hearing evidence from Mr. Burgess, the trial court entered a default judgment against Mrs. Burgess. The following day, the trial court signed the final divorce decree, and a copy of it was mailed to Mrs. Burgess.

On May 16, 1991, Mrs. Burgess filed a motion for new trial with accompanying affidavits. In this motion, Mrs. Burgess claimed she did not appear at the trial because she had undergone surgery several weeks before the trial date, and was also financially unable to hire a lawyer. After hearing the evidence on the motion for new trial, the trial court denied Mrs. Burgess' motion.

■ In her first three points of error, Mrs. Burgess argues that the trial court erred by denying her motion for new trial. The trial court's ruling on a motion for new trial will not be disturbed on appeal unless the appellant shows an abuse of discretion. *Grissom v. Watson*, 704 S.W.2d 325, 326 (Tex.1986). The appellant must show that the trial court acted in an arbitrary or unreasonable manner, without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). In order to set aside a default judgment, an appellant must prove each of the following:

(1) that the failure to appear was not intentional or the result of conscious indifference, but rather, was due to a mistake or an accident;

(2) that the appellant has a meritorious defense; and

(3) that the granting of the motion will occasion no delay or otherwise injure the appellee.

*Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

■ A meritorious defense is one that, if proved, would cause a different result upon retrial of the case. *Liepelt v. Oliveira*, 818 S.W.2d 75, 77 (Tex.App.—Corpus Christi 1991, no writ); *The Moving Co. v. Whitten*, 717 S.W.2d 117, 120 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). This does not mean that the motion should be granted if it merely *alleges* that the movant has a meritorious defense. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966). The motion must allege *facts* that in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such a meritorious defense. *Id.*

■ In the present case, Mrs. Burgess claimed she had a meritorious defense because she had "equities on her side which the Court should consider before making any division of the community estate." Following this assertion, Mrs. Burgess simply listed the following factors a court should consider when dividing the community estate:

(1) fault in the breakup of the marriage;

(2) benefits the innocent spouse may have derived from the continuation of the marriage;

(3) disparity of earning power of the spouses and their ability to support themselves;

(4) health of the spouses;

(5) the spouse to whom conservatorship of the children is granted;

(6) needs of the children of the marriage;

(7) education and future employability of the spouses;

(8) earning power, business opportunities, capacities, and abilities of the spouses;

(9) need for future support;

(10) nature of the property involved in the division; and

(11) attorney's fees to be paid.

After presenting this laundry list of considerations, however, Mrs. Burgess made

no attempt to show how any of these factors applied to her situation. She did not specify any facts that would entitle her to a more favorable property division. The trial judge simply had no evidence before him that would indicate a different division of property would result if a new trial were had. In the absence of evidence that a retrial would cause a different result, Mrs. Burgess has failed to set up a meritorious defense. *See The Moving Co.*, 717 S.W.2d at 120. Therefore, the trial court did not err by denying her motion for new trial. Mrs. Burgess' first three points of error are overruled.

In her fourth point of error, Mrs. Burgess contends the trial court erred by signing a written judgment that did not properly reflect the oral rendition of judgment. At the April 15, 1991, divorce hearing the trial judge granted a permanent injunction prohibiting both Mr. and Mrs. Burgess from communicating with one another, except in regard to matters relating to their children. Mr. Burgess requested this injunction, because Mrs. Burgess allegedly had been making harassing calls to his employer. The judgment signed the following day reflects that the injunction applies only to Mrs. Burgess.

 Mrs. Burgess correctly notes that a written judgment must agree with the written record of the rendition. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 291–92 (1953). However, a trial judge has the authority to correct mistakes and misrecitals in a judgment as long as the error to be corrected is clerical rather than judicial. *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex.1986). A clerical error is a mistake occurring in the reduction of the judgment to writing, the correction of which does not result from "judicial reasoning or determination," but rather an examination of whether the writing properly reflects the judgment as actually rendered. *Id.* In this case, the error arose from the writing failing to properly reflect the judgment as rendered, meaning it was a clerical error.

The proper method of correcting a clerical error is by a judgment nunc pro tunc. *See Andrews*, 702 S.W.2d at 585–86; Tex.

R.Civ.P. 316. There is no evidence of Mrs. Burgess attempting to correct this clerical error pursuant to rule 316. Accordingly, Mrs. Burgess' fourth point of error is overruled, and the judgment of the trial court is affirmed.