**The STATE of Texas, Appellant,**

v.

**Miguel Angel VEGA and John McCluskey, Appellees.**

No. 01–95–00305–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 11, 1996.

Rehearing Overruled Aug. 6, 1996.

John B. Holmes, Jr., Lester Blizzard, and Mark Font, Houston, for appellant.

Don R. Cantrell, Houston, for appellees.

Before O'CONNOR, COHEN and WILSON, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from an order granting a motion for new trial in a bond forfeiture proceeding. In its sole point of error, the State of Texas, the appellant, contends the trial court abused its discretion by granting the motion for new trial filed by John McCluskey, the appellee. We reverse and render.

### Summary of Facts

Miguel Vega was charged with the felony offense of possession of a controlled substance. McCluskey, as surety, and Vega, as principal, executed a $20,000 surety bond, and Vega was released on bond. Vega did not appear in the district court, and the bond was forfeited and a capias issued for Vega's arrest. After entering *judgment nisi* and conducting a trial, the trial court rendered a final judgment against McCluskey and Vega, jointly and severally, for $20,000, plus costs of court.

McCluskey filed a motion for new trial based on newly discovered evidence. After a hearing on the motion, the trial court granted McCluskey's motion for new trial. The State appeals the trial court's granting of McCluskey's motion for new trial.

### Whether the State May Appeal

We first consider whether the State may appeal this case. Article 44.42 of the Texas Code of Criminal Procedure addresses the appeal of a forfeiture proceeding. Tex.Code Crim.Proc. art. 44.42 (1979). That statute provides:

> An appeal may be taken by *the defendant* from every final judgment rendered upon a personal bond, bail bond, or bond taken for the prevention or suppression of offenses, where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise.

(Emphasis added.) The statute on its face does not authorize the State to appeal from a bond forfeiture proceeding.

■ In 1987, the Texas Constitution was amended to give the State the right to appeal

in criminal cases "as authorized by general law." Tex. Const. art. 5, § 26; *State v. Sellers,* 790 S.W.2d 316, 318 (Tex.Crim.App. 1990). As a result of the 1987 constitutional amendment, article 44.42 does not preclude the State's appeal in bond forfeiture cases. *Sellers,* 790 S.W.2d at 318. Without article 44.42, the legislature could authorize the State to appeal bond forfeiture cases in some other provision of the Code of Criminal Procedure. *Id.* at 319.

The Court of Criminal Appeals in *Sellers* looked to TEX.CODE CRIM.PROC. art. 44.01 (Supp.1996), which addresses the State's right to appeal in criminal cases. *Sellers,* 790 S.W.2d at 319. The court found no indication by the legislature to exclude bond forfeiture proceedings from the matters the State can appeal under article 44.01. *Id.* at 320.

■ In light of *Sellers,* we look to article 44.01 to determine whether that statute authorizes the State to appeal the order granting a new trial in this case. Subsection (a)(3) of article 44.01 provides the State is entitled to appeal an order of a court in a criminal case if the order grants a new trial. This statute authorizes the State to appeal this case.

■ McCluskey argues this case is governed by the Texas Rules of Civil Procedure. Because the rules of civil procedure apply,[1] he argues the order granting a new trial is not reviewable by direct appeal. We disagree the rules of civil procedure preclude review in this case. Article 22.10 does not transform a bond forfeiture proceeding from a criminal into a civil case. *Sellers,* 790 S.W.2d at 321. Because article 44.01 expressly authorizes the State to appeal an order granting a new trial in a criminal case, we hold the State is authorized to appeal this case.

## Authority to Hold Hearing

■ The State contends the trial court erred by holding an untimely hearing on McCluskey's motion for new trial. We disagree.

[1]. *See* TEX.CODE CRIM.PROC. art. 22.10 (1989).

The trial court rendered its forfeiture judgment against Vega and McCluskey on October 6, 1994. McCluskey filed a motion for new trial on November 1, 1994, and the motion was overruled by operation of law on December 20, 1994. *See* TEX.R.CIV.P. 329b(c) (in event motion for new trial is not determined by written order signed within 75 days after judgment is signed, it shall be overruled by operation of law on expiration of that period). The trial court held a hearing on McCluskey's motion for new trial on January 19, 1995, 105 days after the forfeiture judgment, and signed an order granting the motion that same day. Although the January 19 hearing was conducted after McCluskey's motion was overruled by operation of law, the court granted the requested relief on the final day of its plenary power. If a motion for new trial is timely filed by any party, the trial court has plenary power to grant a new trial until 30 days after the motion is overruled. TEX.R.CIV.P. 329b(e). Therefore, the trial court did not err in considering the motion for new trial after it had already been overruled by operation of law.

## Motion for New Trial

■ We now turn to the dispositive issue in this case—whether the trial court abused its discretion in granting McCluskey's motion for new trial. McCluskey's motion for new trial was based on newly discovered evidence. To obtain a new trial because of newly discovered evidence, the movant must allege and prove the following:

1. the evidence has come to light since trial;

2. it is not due to lack of diligence that it was not produced sooner;

3. the new evidence is not cumulative; and

4. the new evidence is so material that it would have probably produced a different result if a new trial were granted.

*Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex.1983); *Swearingen v. Swearingen,* 578 S.W.2d 829, 832–33 (Tex.App.—Houston [1st Dist.] 1979, writ dism'd). Whether a motion for new trial made on the ground of newly

discovered evidence will be granted or refused is generally a matter left to the sound discretion of the trial court. *Jackson,* 660 S.W.2d at 809; *State Farm Life Ins. Co. v. Mosharaf,* 794 S.W.2d 578, 582 (Tex.App.—Houston [1st Dist.] 1990, writ denied). However, the trial court's discretion is not unbridled. *State Farm,* 794 S.W.2d at 582. A trial court abuses its discretion when it acts arbitrarily and unreasonably without reference to guiding rules or principles. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990); *Burgess v. Burgess,* 834 S.W.2d 538, 539 (Tex.App.—Houston [1st Dist.] 1992, no writ). If the evidence at the motion for new trial hearing is undisputed, the issue on appeal is whether the trial court's exercise of discretion was erroneous as a matter of law. *State Farm,* 794 S.W.2d at 582.

The facts in this case are not disputed. McCluskey presented the only evidence at the hearing on his motion for new trial. That evidence established the following. McCluskey is a bail bondsman, and Mike Morrison is his employee. A co-signer on Vega's bond called and notified McCluskey and Morrison that Vega told a friend of his intention to leave Harris County and not return. Vega left no forwarding address or phone number. McCluskey prepared an "affidavit of surrender" form, and he sent Morrison to the courthouse to present it to Judge Joe Kegans. The form was not notarized, and Judge Kegans refused to sign it. Morrison did not file the unsigned form with the court. Instead, he brought it back to the office and filed it under Vega's alias name, which was Cabrerra or Cabrajo. The form was not filed under Vega's real name.

After Vega did not appear and the trial court rendered *judgment nisi,* McCluskey orally notified an assistant district attorney that Judge Kegans had refused to sign the "affidavit of surrender" form. McCluskey also directed his employees to look for the form, and he attempted to locate Vega. McCluskey was unable to find either Vega or the form.

The forfeiture proceeding against Vega and McCluskey was tried on October 6, 1994. McCluskey did not notify the court of the missing form, and the court rendered judgment against Vega and McCluskey for $20,000 plus costs of court. On October 16, 1994, while looking in archives in another building for documents related to another case, Morrison found the missing form.

We now consider the evidence from the hearing on the motion for new trial in light of the elements that McCluskey was required to prove.

### Was the Evidence Newly Discovered

To obtain a new trial based on newly discovered evidence, the movant must prove he learned of the evidence after the trial. *Jackson,* 660 S.W.2d at 809; *Eikenhorst v. Eikenhorst,* 746 S.W.2d 882, 886 (Tex.App.—Houston [1st Dist.] 1988, no writ). The evidence in this case shows both McCluskey and Morrison knew of the missing form before the trial of the forfeiture proceeding. Therefore, the evidence was not newly discovered.

### Did McCluskey Exercise Diligence

To obtain a new trial based on newly discovered evidence, the movant must prove he exercised diligence. *Jackson,* 660 S.W.2d at 809; *Eikenhorst,* 746 S.W.2d at 886. First, McCluskey did not comply with Tex.Code Crim.Proc. art. 17.19(a) (Supp.1996) because he did not file the "affidavit of surrender" form with the court. This form would have been readily available for presentation at trial had McCluskey filed it with the court. Second, although McCluskey testified it was his custom and policy to keep files on each person that he had on bond, the "affidavit of surrender" form was not filed under Vega's real name, but under his alias. McCluskey was presumably aware of Vega's alias name because he filed documents under that name. Nevertheless, nobody at McCluskey's business searched Vega's alias file until after the trial of the forfeiture proceeding.

Therefore, we conclude McCluskey did not show diligence.

### Was the Evidence Cumulative

To obtain a new trial based on newly discovered evidence, the movant must prove the evidence is not merely cumulative. *Jackson,*

660 S.W.2d at 809. The "affidavit of surrender" form states the following:

> Co–Signer called and informed us that the defendant has left Harris County the defendant left no forwarding address or phone number. Co–Signer also stated defendant told a friend of his he was moving from Harris County and would not be returning.

The State contends this form was merely cumulative of the testimony that McCluskey and his employees had to present at the trial of the forfeiture proceeding. Article 17.19(b) of the Code of Criminal Procedure provides it is an affirmative defense to any liability on the bond that the court refused to issue a warrant for the principal's arrest, and the principal did not appear after the refusal to issue the warrant. TEX.CODE CRIM.PROC. art. 17.19(b) (Supp.1996). This affirmative defense is based upon the *filing* of a proper affidavit of surrender *with the court,* a procedure described in article 17.19(a). The "affidavit of surrender" found in McCluskey's files (which, because it was not notarized, was not an affidavit at all and had not been filed), was no more probative on the issue of the court's refusal than McCluskey and Morrison's testimony. Therefore, we conclude the "affidavit of surrender" form in this case was merely cumulative of other evidence.

### Was the Evidence Material

To obtain a new trial based on newly discovered evidence, the movant must prove the evidence is material and would probably produce a different result if a new trial were granted. *Jackson,* 660 S.W.2d at 809. Article 17.19(a) requires a surety who desires to surrender his principal to *file* an *affidavit* of such intention before the court in which the prosecution is pending. The "affidavit of surrender" form in this case did not meet either requirement. First, it was not an affidavit because it was not sworn. *See Ford Motor Co. v. Leggat,* 904 S.W.2d 643, 645–46 (Tex.1995); *Trimble v. Gulf Paint & Battery, Inc.,* 728 S.W.2d 887, 889 (Tex.App.—Houston [1st Dist.] 1987, no writ); TEX. GOV'T CODE § 312.011(1) (1988). Second, the form was not filed with the court. As noted, the affirmative defense listed in article 17.19(b) is based upon the filing of a proper affidavit of surrender with the court in accordance with article 17.19(a). Because this affirmative defense was not available in this case, McCluskey did not produce evidence to show the form was so material that it would have probably produced a different result if it were admitted into evidence in a new trial.

Upon reviewing the evidence in this case, we hold McCluskey did not produce evidence that established he was entitled to a new trial based on newly discovered evidence. Therefore, the trial court abused its discretion in granting McCluskey's motion for new trial. Accordingly, we sustain the State's sole point of error.

We reverse the order of the trial court and render judgment that the State recover $20,000, plus costs of court, from both Vega and McCluskey, jointly and severally.

WILSON, J., dissents without opinion.