In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00090-CR

____________


DAVID WAYNE JACKSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court 

Harris County, Texas

Trial Court Cause No. 868747 






O P I N I O N

 Appellant, David Wayne Jackson, pled guilty without an agreed
recommendation as to punishment to improper sexual activity with a person in
custody. See Tex. Pen. Code Ann. § 39.04(a)(2) (Vernon Supp. 2002). The trial
court found appellant guilty and assessed punishment at two years in state jail. We
address (1) whether appellant was deprived of effective assistance of counsel, (2)
whether appellant's plea was voluntary, and (3) whether we should consider
appellant's alleged new exculpatory evidence on appeal. We affirm.

Introduction

 Appellant's appointed counsel moved to withdraw from appellant's
representation on appeal and, in support, submitted a brief stating his opinion that the
appeal was without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting a professional
evaluation of the record and stating why there are no arguable grounds for error on
appeal. Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.--Houston [1st Dist.] 2000,
no pet.). Counsel advised appellant of his evaluation of the appeal, sent appellant a
copy of his Anders brief and the record, and informed appellant of his right to file a
pro se response. Appellant timely filed a pro se response. 

 Procedural History

 Appellant pled guilty on February 13, 2001. The trial court held a punishment
hearing on November 2, 2001. Appellant did not testify at the hearing. Appellant's
counsel argued for deferred adjudication. The trial court found appellant guilty and
assessed punishment at two years in state jail. 


Ineffective Assistance of Counsel 

 In his first point of error, appellant contends that his trial counsel was
ineffective for (1) failing to file the necessary motions or to subpoena any witnesses
to show appellant was not guilty and (2) failing to offer alleged exculpatory evidence
that would have proved his innocence. 

 An appellant has the burden of proving ineffective assistance of counsel by a
preponderance of the evidence. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999). Counsel's conduct is strongly presumed to fall within the wide range of
reasonable professional assistance, and appellant must overcome the presumption that
the challenged action might be considered sound trial strategy. Id.; Jackson v. State,
887 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a
claim for ineffective assistance of counsel must be firmly founded and affirmatively
demonstrated in the record. Thompson, 9 S.W.3d at 813-14. Counsel need not
undertake the same magnitude of independent factual investigation when the
defendant knowingly and voluntarily pleads guilty to the alleged offense as would be
required in a contested proceeding. Toupal v. State, 926 S.W.2d 606, 608 (Tex.
App.--Texarkana 1996, no pet.). 

 Appellant claims that his trial counsel should have offered into evidence the
statement of a certain witness, which would allegedly have proved that he did not
commit the offense with which he was charged. The record does not support any of
appellant's claims that such evidence existed; instead, the evidence in the record
shows that appellant signed a guilty plea, which included a hand-written stipulation
of evidence in which he admitting committing the offense with which he was charged. 
Because appellant's claim for ineffective assistance of counsel is not demonstrated
in the record, and in light of his guilty plea, we hold that he has not met his burden
of proving that his trial counsel was ineffective.

 We overrule appellant's first point of error.

Voluntariness of Plea

 In his second point of error, appellant argues that his plea was not voluntary
because his trial counsel and the prosecutor falsely told him that if he testified against
Michael Edwards and signed the guilty plea agreement, he would receive a
punishment of only six months of deferred adjudication.

 The trial court cannot accept a guilty plea unless the court determines that the
plea is freely and voluntarily given. Burke v. State, 80 S.W.3d 82, 93 (Tex.
App.--Fort Worth 2002, no pet.). Due process requires that each defendant who
pleads guilty do so with a full understanding of the charges against him and the
consequences of his plea. Id. A trial court's admonishing a criminal defendant
pursuant to article 26.13 of the Texas Code of Criminal Procedure before accepting
the plea constitutes prima facie evidence that the plea was knowing and voluntary. 
See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2002); Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Accordingly, when the trial court
admonishes the defendant, the burden shifts to the defendant to prove that he did not
fully understand the consequences of his plea and that he suffered harm. Martinez,
981 S.W.2d at 197. In considering the voluntariness of a guilty plea, we examine the
record as a whole. Id.

 Appellant signed a waiver of constitutional rights, agreement to stipulate, and
judicial confession, which included a hand-written stipulation of evidence that he
committed the offense with which he was charged. Appellant also signed and swore
to article 26.13 admonishments acknowledging that he understood the possible range
of punishment and that any punishment recommendation by the prosecuting attorney
was not binding on the trial court. In the "Statements and Waivers of Defendant"
section of these admonishments, appellant initialed the following statements: (1) he
was mentally competent and understood the nature of the charge against him, (2) he
understood the admonishments of the trial court, and (3) he understood the
consequences should the trial court accept or refuse to accept the plea bargain or plea
without an agreed recommendation. Because appellant signed the plea of guilty and
the article 26.13 admonishments, and because nothing in the record indicates that
appellant's plea was involuntary, appellant has failed to defeat the prima facie
showing of voluntariness. 

 We overrule appellant's second point of error.

Allegedly New Exculpatory Evidence

 In his third point of error, appellant contends that we should consider on appeal
his allegedly new exculpatory evidence, including the results of two DNA tests. 
Appellant alleges the existence of these test results in his pro se brief and claims that
they prove that he did not commit the offense. 

 A defendant may move for a new trial if favorable evidence comes to light after
his trial has ended, but he must fil the motion timely. See Tex. R. App. P. 21.3; see
State v. Vega, 927 S.W.2d 81, 83-84 (Tex. App.--Houston [1st Dist.] 1996, pet.
dism'd w.o.j.). Here, the appellant did not file any motion for new trial, much less
one alleging the existence of newly discovered evidence. Further, the record does not
support appellant's claim that this allegedly new exculpatory evidence exists. 

 We overrule appellant's third point of error.

Conclusion


 We affirm the judgment of the trial court.

 We grant appellate counsel's motion to withdraw. See Stephens v. State, 35
S.W.3d 770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). Counsel still has
a duty to inform appellant of the result of this appeal and also to inform appellant that
he may, on his own, pursue discretionary review in the Court of Criminal Appeals. 
Id. at 771-72; see Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). 






 Tim Taft


 Justice


Panel consists of Justices Taft, Alcala, and Price. (1)


Do not publish. Tex. R. App. P. 47.4.
1.