Opinion issued August 19, 2004




 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00048-CV




RICHARD FISKE, Appellant

V.

DEBBIE FISKE, Appellee




On Appeal from County Court at Law No. 2
Brazos County, Texas
Trial Court Cause No. 02-001638-CV




MEMORANDUM OPINION

          Appellant, Richard Fiske, challenges the trial court’s judgment in favor of
appellee, his wife, Debbie Fiske, on her personal injury claim. In five points of error,
Richard contends that the trial court abused its discretion when it denied his motion
for new trial because there was insufficient evidence of damages, the judgment nunc
pro tunc was signed after he filed an answer, and he satisfied the Craddock test. 
Richard further contends that the trial court abused its discretion when it made
erroneous findings of fact and conclusions of law and erred when it overruled his
request for a remittitur. We affirm.
Background
          On August 14, 2002, Debbie filed suit against Richard for personal injury
claims arising from an automobile accident in which Debbie had been a passenger in
a car driven by Richard. Richard was served with process on August 19, 2002, and
his answer was due September 9, 2002. On October 7, 2002, Debbie obtained a
default judgment against Richard for $50,000. Richard subsequently filed an answer,
a “Motion for New Trial and to Set Aside Interlocutory Default Judgment,” and a
request for findings of fact and conclusions of law. The trial court overruled
Richard’s motion. Motion for New Trial
          In his first three points of error, Richard contends that the trial court abused its
discretion when it denied his motion for new trial. 
          The trial court’s decision to overrule a motion for new trial is subject to review
for abuse of discretion. Old Republic Ins. Co. v. Scott, 873 S.W.2d 381, 382 (Tex.
1994); Cont’l Cas. Co. v. Hartford Ins. ex rel. Blue Line Promotions Inc., 74 S.W.3d
432, 434-35 (Tex. App.—Houston [1st Dist.] 2002, no pet.). 
Sufficiency of the Evidence on Damages
          In his first point of error, Richard contends that the trial court abused its
discretion when it denied his motion for new trial because the evidence on damages
was legally and factually insufficient.
          When reviewing a legal sufficiency challenge, we review the evidence in a
light that tends to support the finding of the disputed facts, and we disregard all
evidence and inferences to the contrary. Lee Lewis Constr., Inc. v. Harrison, 70
S.W.3d 778, 782 (Tex. 2001); Ned v. E.J. Turner & Co., Inc., 11 S.W.3d 407, 408
(Tex. App.—Houston [1st Dist.] 2000, pet. denied). If there is more than a scintilla
of evidence to support the finding, we must uphold it. Formosa Plastics Corp. USA
v. Presidio Eng’rs, 960 S.W.2d 41, 48 (Tex. 1998). “When the evidence offered to
prove a vital fact is so weak as to do no more than create a mere surmise or suspicion
of its existence, the evidence is no more than a scintilla and, in legal effect, is no
evidence.” Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). However,
if the evidence supplies some reasonable basis for differing conclusions by reasonable
minds as to the existence of a vital fact, then it is considered some evidence. Id.
          In reviewing a factual sufficiency point, we consider, weigh, and examine all
the evidence presented at trial. Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442,
445 (Tex. 1989). We set aside a finding based on factual insufficiency only if the
finding is so against the overwhelming weight of the evidence as to be clearly wrong
and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Minucci v. Sogevalor,
S.A., 14 S.W.3d 790, 794 (Tex. App.—Houston [1st Dist.] 2000, no pet.).
          In a bench trial, the trial court, as the fact finder, is the sole judge of the
credibility of the witnesses. Munters Corp. v. Swissco-Young Indus., Inc., 100
S.W.3d 292, 296-97 (Tex. App.—Houston [1st Dist.] 2002, pet. dism’d). The judge
may take into consideration all of the facts and surrounding circumstances in
connection with the testimony of each witness and accept or reject all or any part of
that testimony. Id. 
          Here, Richard argues that the evidence was legally and factually insufficient
concerning the following elements of damages: (1) physical pain, (2) mental anguish,
(3) physical impairment, (4) disfigurement, and (5) future medical expenses. Debbie
concedes that the evidence was insufficient to support an award of future medical
expenses and disfigurement. However, she argues that there is no evidence that the
trial court relied upon these elements of damages in connection with its judgment and
that there was sufficient evidence presented to support the trial court’s award based
on the remaining grounds of damages. Debbie’s original petition sought past and
future damages for medical expenses, physical pain and suffering, mental anguish,
physical impairment, disfigurement, and future earning capacity.


 The trial court
awarded a lump sum without designating an amount attributable to each category
upon which Debbie sought damages. Generally, when a trial court does not itemize
the damages awarded in a default judgment, it is impossible to determine what portion
of the damages was ascribed to each ground of recovery claimed by the plaintiff. See
K-Mart Apparel Fashions Corp. v. Ramsey, 695 S.W.2d 243, 247 (Tex.
App.—Houston [1st Dist.] 1985, writ ref’d n.r.e.). Thus, the award will be upheld as
long as there was sufficient evidence presented concerning any of the categories of
damages sought. See id.
          Physical Pain
          The process of awarding damages for amorphous, discretionary injuries, such
as mental anguish or pain and suffering, is inherently difficult because the alleged
injury is a subjective, unliquidated, and nonpecuniary loss. Dollison v. Hayes, 79
S.W.3d 246, 249 (Tex. App.—Texarkana 2002, no pet.). Matters of pain and
suffering are necessarily speculative, and it is within the province of the fact finder
to set the amount of such damages. Rosenboom Mach. & Tool, Inc. v. Machala, 995
S.W.2d 817, 829 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).
           Debbie put on evidence of the extent of her injuries and amount of medical
bills, which totaled $6,739.40. Debbie testified that, as a result of the accident, she
suffered a broken leg, two broken ribs, abrasions on her forehead, and bruises on the
left side of her face. She testified that she still has “problems” with the back of her
neck and that, “physical-fitness-wise,” she is “limited.” She also testified that she
endured pain and suffering. Such evidence was legally and factually sufficient to
support the trial court’s finding of damages for physical pain. 
          Mental Anguish
          To survive a legal sufficiency challenge, a plaintiff must present direct
evidence of the nature, duration, and severity of his mental anguish, which establishes
a substantial disruption in his daily routine. Latham v. Castillo, 972 S.W.2d 66,
69–70 (Tex. 1998). If there is no such direct evidence, we must apply traditional no
evidence standards to determine whether the record reveals any evidence of a high
degree of mental pain and distress that is more than mere worry, anxiety, vexation,
embarrassment, or anger to support an award of mental anguish damages. Id. at 70. 
Because an exact evaluation of mental anguish is impossible, there must be some
discretion given in finding mental anguish damages that would fairly and reasonably
compensate the plaintiff for her loss. See Saenz v. Fidelity & Guar. Ins.
Underwriters, 925 S.W.2d 607, 614 (Tex. 1996). Texas authorizes mental anguish
damages as an element of recoverable damages in virtually all personal injury actions
where a defendant’s conduct causes serious bodily injury. See City of Tyler v. Likes,
962 S.W.2d 489, 495 (Tex. 1997). Where a serious bodily injury has been inflicted,
some degree of physical and mental suffering is the necessary result. Id. 
          Debbie testified that she endured mental anguish as a result of the accident. 
She testified that she sustained a broken leg and broken ribs and that she saw a
neurologist. She testified that she had continuing problems with the back of her neck
and that she had developed a fear of driving after the accident. Such testimony is
legally and factually sufficient to justify an award of mental anguish damages. See
Weidner v. Sanchez, 14 S.W.3d 353, 367 (Tex. App.—Houston [14th Dist.] 2000, no
pet.). Further, Debbie presented evidence that, following the accident, she suffered
from depression. Evidence of depression has been found to be legally and factually
sufficient evidence of mental anguish damages because it constitutes more than mere
worry, anxiety, vexation, embarrassment or anger. Comstock Silversmiths, Inc. v.
Carey, 894 S.W.2d 56, 57–58 (Tex. App.—San Antonio 1995, no writ).
          Physical Impairment
          Physical impairment is an element of damages that extends beyond loss of
earning capacity and pain and suffering to the extent that it produces a separate loss
that is substantial or extremely disabling. Robinson v. Minick, 755 S.W.2d 890, 893
(Tex. App.—Houston [1st Dist.] 1988, writ denied). Therefore, even proof that one
is entitled to compensatory damages for pain and suffering, or for lost wages, does
not automatically entitle one to compensation for physical impairment. Dollison, 79
S.W.3d at 253. A party claiming such damages bears the burden of proving a
compensable injury. Id.
          At the default judgment hearing, Debbie stated that “my limitation on what I
can do physical-fitness-wise is kind of hard. I have to avoid certain things. And I’m
accustomed to working out quite a bit . . . . I teach water aerobics . . . . So I still have
problems with my neck and my shoulders.” Debbie also testified that she had
experienced a fear of driving after the accident. This testimony does not amount to
evidence of physical impairment because the alleged impairment did not extend
beyond pain and suffering to the extent that it produced a separate, substantial, or
extremely disabling loss. See Robinson, 755 S.W.2d at 893. 
          However, where there is a lack of evidence regarding a particular type of
damages, but no indication that the trial court made any award for that type of
damages, we will assume that the trial court disregarded those damages in making its
award. Ramsey, 695 S.W.2d at 247. 
Medical Expenses
          Richard argues that there was no evidence that the medical expenses were
reasonable and necessary. 
          Richard requested findings of fact concerning the reasonableness and necessity
of Debbie’s medical expenses, but the trial court did not make such findings. When
a trial court does not enter findings of fact after a bench trial, we may uphold the
judgment on any legal theory supported by the pleadings and the evidence. Fair Deal
Auto Sales v. Brantley, 24 S.W.3d 543, 546 (Tex. App.—Houston [1st Dist.] 2000,
no pet.). 
          A plaintiff may prove that her medical expenses are reasonable and necessary
either by presenting expert testimony or by submitting affidavits in compliance with
section 18.001 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac.
& Rem. Code Ann. § 18.001 (Vernon Supp. 2004); Rodriguez-Narrea v. Ridinger,
19 S.W.3d 531, 532 (Tex. App.—Fort Worth 2000, no pet.). Proof of the amounts
charged or paid for medical treatment is not proof of the reasonableness of such costs. 
Rodriguez-Narrea, 19 S.W.3d at 532. 
          Here, Debbie did not comply with section 18.001 and did not prove up the
expenses through expert testimony; therefore, there was no evidence of the necessity
or reasonableness of her medical expenses. The fact that her testimony was adduced
in a default judgment hearing did not relieve Debbie of her burden to prove the
reasonableness and necessity of her medical expenses. See Jackson v. Gutierrez, 77
S.W.3d 898, 902-03 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (in restricted
appeal, holding that failure of default judgment plaintiff to present evidence of
reasonableness and necessity of medical expenses required reversal of medical
expenses award). However, because the trial court did not specify the type of
damages upon which it based its award, we must assume that the trial court
disregarded medical expenses in making its award. See Ramsey, 695 S.W.2d at 247. 
          We conclude that the evidence was legally and factually insufficient to support
an award of damages to Debbie for physical impairment and past medical expenses,
but was legally and factually sufficient to support an award of damages for Debbie’s
physical pain and mental anguish. As noted above, we will assume that the trial court
disregarded physical impairment and past medical expenses in making its award. We
hold that the evidence was legally and factually sufficient to support the trial court’s
award of $50,000 to Debbie for her physical pain and mental anguish sustained as a
result of the accident. See, e.g., Popkowsi v. Gramza, 671 S.W.2d 915, 919 (Tex.
App.—Houston [1st Dist.] 1984, no writ) (upholding default judgment award of
$50,000 based on evidence that plaintiff suffered muscle damage, dizzy spells,
headaches, and permanent scarring as passenger in one vehicle accident); Dawson v.
Briggs, 107 S.W.3d 739, 754 (Tex. App.—Fort Worth 2003, no pet.) (upholding
default judgment award for $50,000 for pain and suffering based on evidence that 
plaintiff suffered from pain, swelling, and popping in her jaw, which she alleged was
caused by automobile accident). 
          We overrule Richard’s first point of error.               
Nunc Pro Tunc
          In his second point of error, Richard contends that the trial court abused its
discretion in denying his motion for new trial and in failing to set aside the default
judgment “on the legal ground that the judgment awards $50,000 and the court
subsequently granted Debbie Fiske’s motion for judgment Nunc Pro Tunc after an
answer had been filed by Richard Fiske.” Specifically, Richard argues that the trial
court abused its discretion in granting Debbie’s motion for entry of judgment nunc
pro tunc based on her request to change the amount of the damages awarded, because
such a change is indicative of a judicial error rather than a clerical error. 
          A judgment nunc pro tunc may be entered, after a trial court’s plenary power
has expired, to correct clerical errors in a judgment or order. See Tex. R. Civ. P.
306a(6), 316; In re Taylor, 113 S.W.3d 385, 393 (Tex. App.—Houston [1st Dist.]
2003, orig. proceeding). Determining whether an error in a judgment is a judicial or
clerical error is a question of law. Finlay v. Jones, 435 S.W.2d 136, 138 (Tex. 1968). 
A clerical error is a mistake or omission preventing a judgment, as entered in the
official record, from accurately reflecting the judgment as it was actually rendered. 
Universal Underwriters Ins. Co. v. Ferguson, 471 S.W.2d 28, 29-30 (Tex. 1971). For
example, a judgment nunc pro tunc may be entered to correctly reflect the date on
which an order was signed if the original date is shown to be incorrect. In re Taylor,
113 S.W.3d at 393. A judicial error, however, is an error arising from a mistake of
law or fact that requires judicial reasoning or determination to correct. Butler v.
Cont’l Airlines, Inc., 31 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied).
           Here, at the default judgment hearing, the trial court asked whether “the
assumption is that $50,000 is the entire set amount of damages for the entire
occurrence?” The trial court then signed a judgment awarding “$50,00.00” and
subsequently entered a judgment nunc pro tunc to correctly read “$50,000.00.” 
Because the mistake in the trial court’s original judgment was merely a typographical
error, rather than a material change in the amount of the judgment, we conclude that
this error was a clerical error and that the correction did not result from judicial
reasoning or determination. See Burgess v. Burgess, 834 S.W.2d 538, 540 (Tex.
App.—Houston [1st Dist.] 1992, no writ) (stating that trial judge has authority to
correct mistakes and misrecitals in judgment, such as failing to properly reflect 
judgment as rendered, as long as error to be corrected is clerical rather than judicial). 
          We overrule Richard’s second point of error. 
Craddock Test
          In his third point of error, Richard contends that the trial court abused its
discretion in denying his motion for new trial and in failing to set aside the default
judgment because he proved all three elements of the Craddock


 test.
          A defendant challenging a default judgment under Craddock must show that 
(1) the defendant’s failure to answer before judgment was neither intentional nor the
result of conscious indifference, but was due to a mistake or an accident; (2) the
motion for new trial set up a meritorious defense; and (3) the motion was filed at a
time when, if granted, it would cause no delay or otherwise work an injury to the
plaintiff. See Bank One, Tex. v. Moody, 830 S.W.2d 81, 82-83 (Tex. 1992). 
          In reviewing a trial court’s ruling on a motion for new trial, we leave the
question of whether a defendant has satisfied the Craddock test to the trial court’s
discretion, and we will not disturb the trial court’s ruling unless the court abuses its
discretion. Wiseman v. Levinthal, 821 S.W.2d 439, 441 (Tex. App.—Houston [1st
Dist.] 1991, no writ). That discretion, however, is “not an unbridled discretion to
decide cases as they might.” Scott, 873 S.W.2d at 382. 
          To satisfy the first Craddock element, Richard must show that his failure to
answer was neither intentional nor the result of conscious indifference, but was due
to a mistake or an accident. See Craddock, 133 S.W.2d at 126. “Conscious
indifference” has been defined as the failure to take some action that would seem
indicated to a person of reasonable sensibilities under the circumstances. Mahand v.
Delaney, 60 S.W.3d 371, 374 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Even
a slight excuse may justify a new trial. See Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex.
1966); J.H. Walker Trucking v. Allen Lund Co., 832 S.W.2d 454, 455-56 (Tex.
App.—Houston [1st Dist.] 1992, no writ). Generally, when a party relies on an agent
or representative to file an answer, the party must establish that the failure to answer
was neither intentional nor the result of the conscious indifference of either the party
or of the agent. Estate of Pollack v. McMurrey, 858 S.W.2d 388, 391 (Tex. 1993). 
          Richard argues that there is no evidence of conscious indifference because on
the same day that he was served, he delivered the citation and petition to his insurance
agent’s office to see if he could stop his wife from suing him, and his insurance
agent’s employee was under the mistaken belief that no suit was on file.
          On August 19, 2002, the same day that he was served, Richard went to
Debbie’s attorney’s office and was told to deliver the suit papers to his insurance
company. Later that day, Richard delivered the petition and citation to the office of
his Allstate insurance agent, Jerry Anderson, by delivering it to Anderson’s employee,
Amy Kelly. Richard asked Kelly how he could dissuade his wife from suing him, and
Richard and Kelly discussed the under-insured motorist coverage held by Richard and
Debbie. Kelly called Allstate Insurance Company to inquire about whether an under-insured motorist claim could be made. Kelly then told Richard that such a claim
could be made and that this would not require his wife to sue him. Richard was
satisfied with this result. 
          Kelly testified that she did not know that she was supposed to forward the suit
papers to Allstate Insurance Company’s claims office. She testified that she never
read the suit papers nor did she truly understand that a suit had been filed. Kelly
testified that, on approximately October 7, 2002, she received a call from Debbie’s
attorney, Michael O’Connor. O’Connor told Kelly that no answer had been filed on
Richard’s behalf and that Allstate would be given another chance to file an answer. 
          However, O’Connor testified that this call took place on October 1, 2002 rather
than on October 7, 2002. He testified that Kelly advised him that Richard did not
want to pursue the lawsuit. O’Connor testified that he told Kelly that the lawsuit was
still pending and an answer needed to be filed. O’Connor testified that he told Kelly
to have Anderson contact him to discuss the matter. O’Connor testified that he did
not receive a call from Anderson and that, on October 3, 2002, he contacted the trial
court to set a default judgment hearing. 
          Kelly testified that, on October 7, she consulted Anderson, and Anderson told
her to fax the papers to Allstate. Kelly testified that Anderson stated that this was a
“really big deal” and told Kelly “You need to get on top of it.” Kelly testified that she
tried calling the Allstate adjuster handling the file to obtain a good fax number but
could not reach him immediately. Anderson testified that, during this time, Allstate
Insurance Company was consolidating its offices in San Antonio. Kelly testified that,
on October 9, 2002, she sent the suit papers for the first time to Allstate’s claims
office to adjuster David Stevens. Two days earlier, Debbie had obtained a default
judgment against Richard for $50,000. Richard’s answer was not filed until October
23, 2002. 
          Richard asserts that misplacing or losing a citation by a defendant or his agent
does not constitute conscious indifference. However, the facts in this case do not
involve the misplacement or loss of a citation. The trial court concluded that the
telephone call between Kelly and O’Connor took place on October 1, 2002 rather
than on October 7, 2002. Thus, eight full days elapsed between the telephone call and
the faxing of the citation to the claims representative. Another two weeks elapsed
before the answer was filed. 
          Here, before October 1, 2002, Richard’s and his agent’s failure to file an
answer could have been characterized as an accident or mistake. However, Kelly’s
inaction after the October 1, 2002 telephone call from O’Connor, providing Allstate
with additional, actual notice of a possible default judgment, constitutes conscious
indifference. See First Nat’l Bank v. Peterson, 709 S.W.2d 276, 279-80 (Tex.
App.—Houston [14th Dist.] 1986, writ ref’d n.r.e.) (equating conscious indifference
with inaction resulting from alleged ignorance); Johnson v. Edmonds, 712 S.W.2d
651, 652-53 (Tex. App.—Fort Worth 1986, no writ) (holding that appellant’s failure
to seek help or advice or make inquiries about import of “papers” he received
constituted conscious indifference).
          It is unnecessary for us to consider whether Richard met the other Craddock
elements because he has not established that his failure to appear was not the result
of conscious indifference. We hold that the trial court did not abuse its discretion in
denying Richard’s motion for new trial.
          We overrule Richard’s third point of error.
Findings of Fact and Conclusions of Law
          In his fourth point of error, Richard contends that the trial court erred when it
made an erroneous finding of fact and conclusion of law. 
          When a trial court makes findings of fact, the findings are reviewed on appeal
using the factual sufficiency standard. McDermott v. Cronin, 31 S.W.3d 617, 623
(Tex. App.—Houston [1st Dist.] 2000, no pet.). Findings of fact in a case tried to the
court have the same force and dignity as a jury’s verdict. Anderson v. City of Seven
Points, 806 S.W.2d 791, 794 (Tex. 1991); Simmons v. Compania Financiera Libano,
S.A., 830 S.W.2d 789, 791 (Tex. App.—Houston [1st Dist.] 1992, writ denied). A 
trial court’s conclusions of law are reviewed de novo. McDermott, 31 S.W.3d at 623.
An incorrect finding of fact or conclusion of law does not warrant a reversal if the
judgment is otherwise correct. Vaughn v. DAP Fin. Servs., Inc., 982 S.W.2d 1, 6
(Tex. App.—Houston [1st Dist.] 1997, no pet.). Reversal is proper only if a different
verdict would have occurred but for the error. Id. 
           Richard challenges the finding of fact that reads as follows: “Defendant,
Richard Fiske’s actions, by [and] through his insurance agent, amounted to conscious
indifference with respect to answering this lawsuit in a timely and correct manner.” 
Here, as noted above, Kelly testified that she was contacted by O’Connor on October
7, 2002, and she remembered that the telephone call occurred on October 7th rather
than an earlier date, because that day was Anderson’s birthday. Anderson testified
that Kelly came to him with an overdue answer on October 7, 2002 and that he
remembered this date because it was his birthday. Anderson testified that he told
Kelly to fax the papers “immediately” to Allstate’s claims office because he “knew
how important that was.” However, O’Connor testified that he called Kelly on
October 1, 2002, requested that an answer be filed, and requested that Anderson
contact him to discuss the matter. 
          The trial court, as the factfinder, was the sole judge of the credibility of the
witnesses. See Southwestern Bell Media, Inc. v. Lyles, 825 S.W.2d 488, 493 (Tex.
App.—Houston [1st Dist.] 1992, writ denied). Here, the trial court was entitled to
determine the credibility of the witnesses, and we will defer to that determination. 
See id. Accordingly, the trial court did not err in making its finding of fact.
          Next, Richard complains of the trial court’s conclusion of law that reads, “The
failure to timely answer the Original Petition filed in this case was the result of
conscious indifference on the part of defendant Richard Fiske, by and through the
actions of his insurance agent and his agent’s employees.” Here, there was sufficient
evidence to support the trial court’s previously-discussed finding of fact, that
Richard’s and his agent’s actions amounted to conscious indifference with regard to
answering the suit. Further, as we have held above, Richard did not meet the first
prong of Craddock—showing that his failure to answer was neither intentional nor
due to conscious indifference. Accordingly, we hold that the trial court did not err
in entering its conclusion of law.
          We overrule appellant’s fourth point of error.
Remittitur 
          In his fifth point of error, Richard contends that the trial court erred when it
overruled his request for a remittitur. 
          A request for a remittitur presents a challenge to the factual sufficiency of the
evidence. Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 406 (Tex. 1998);
Carter v. Steverson & Co., 106 S.W.3d 161, 168 (Tex. App.—Houston [1st Dist.]
2003, pet. denied). We have already held above that the evidence was legally and
factually sufficient to support the full amount of the damages awarded in the trial
court’s judgment. Accordingly, we overrule Richard’s fifth point of error. 
Conclusion
          We affirm the judgment of the trial court.
 
 

                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Taft, Hanks, and Higley.