Affirmed and Opinion filed June 2, 2005









Affirmed and Opinion filed June 2, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS.  14-04-00215-CR &

       14-04-00216-CR

____________

 

RANGER INSURANCE
COMPANY AND ITS AGENT, 

RODNEY
VANNERSON D/B/A AARON BAIL BONDS, Appellants

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause Nos. 919,156A
& 920,319A 

 



 

M E M O R A N D U M    O P I N I O N








This is a bail bond forfeiture case.  Noemi Alvarez, who had been released on bond,
failed to appear for a hearing in her criminal cases, and the trial court
rendered judgments nisi against Alvarez and appellants, the surety and agent
for Alvarez=s bonds. 
The trial court subsequently entered final judgments in both causes
declaring forfeiture of the bonds in favor of the State.  Appellants appeal the trial court=s judgments of
forfeiture, arguing the trial court erred in granting judgments in favor of the
State and in overruling their motions for new trial because performance of the
bonds was rendered impossible as a result of Article 102 of the Honduran
Constitution, which prohibits the extradition of Honduran citizens.  We affirm.

Factual and
Procedural Background

Alvarez was charged with two offenses of
intoxication manslaughter, and appellants, Ranger Insurance Company and its
agent, Rodney Vannerson d/b/a Aaron Bail Bonds, posted a $25,000.00 bail bond
for Alvarez in each cause.  On September
10, 2002,  Alvarez failed to answer her
criminal charges in the 184th District Court of Harris County, Texas.  On September 13, 2002, the trial court
entered judgments nisi against Alvarez and appellants in the amount of the
bonds.  After being served with a copy of
the judgments nisi, appellants filed answers in which they generally denied the
allegations in the judgments nisi and asserted various affirmative
defenses.  

On December 4, 2003, the trial court
entered final judgments of forfeiture against Alvarez and appellants and in
favor of the State for $25,000.00 plus costs of court in each cause.  Appellants timely filed motions for new trial
in which they alleged Alvarez=s failure to
appear did not result from any fault of the appellants and the only factor
preventing appellants from producing Alvarez before the trial court is Article
102 of the Honduran Constitution which provides that no Honduran will be
expatriated nor turned in by the authorities to a foreign state.  Appellants= motions for new
trial were overruled by operation of law.

Discussion








In two points of error, appellants argue
the trial court erred in rendering judgments for the State and in overruling
their motions for new trial because appellants= performance on
the bonds was rendered impossible as a result of Article 102 of the Honduran
Constitution, which prohibits the extradition of Honduran citizens.  Appellants allege Alvarez traveled to
Honduras after she was released from custody on the bonds, she remains in
Honduras, and appellants are unable to extradite her from Honduras due to
Article 102 of the Honduran Constitution, rendering performance of the bonds
impossible.  Appellants contend their
inability to have Alvarez extradited exonerates them from liability because it
is an Auncontrollable
circumstance@ contemplated by Texas Code of Criminal
Procedure article 22.13(a)(3).  Tex. Code Crim. Proc. Ann. art.
22.13(a)(3) (Vernon Supp. 2005).[1]  The State argues the judgments of forfeiture
should be affirmed because appellants presented no evidence below in support of
their affirmative defense of Auncontrollable
circumstance.@

Although criminal in nature, forfeiture
proceedings are governed by the rules of civil procedure.  Tex.
Code Crim. Proc. Ann. art. 22.10 (Vernon Supp. 2005); Tinker v. State,
561 S.W.2d 200, 201 (Tex. Crim. App. [Panel Op.] 1978).  We review a judgment of forfeiture for an
abuse of discretion.  See Williamson
v. State, 68 Tex. Crim. 53, 55, 150 S.W. 892, 893 (1912) (holding trial
court did not abuse its discretion in rendering judgment for full amount of bond).  Likewise, we review a trial court=s ruling on a
motion for new trial under an abuse of discretion standard.  State v. Vega, 927 S.W.2d 81, 83 (Tex.
App.CHouston [1st
Dist.] 1996, writ dism=d w.o.j.).








The State=s case in a bond
forfeiture proceeding consists of the bond and the judicial declaration of the
forfeiture of the bond, which is the judgment nisi.  Tocher v. State, 517 S.W.2d 299, 301
(Tex. Crim. App. 1975); Spradlin v. State, 100 S.W.3d 372, 377B78 (Tex. App.CHouston [1st
Dist.] 2002, no pet.); see Tex.
Code Crim. Proc. Ann. art. 22.02 (Vernon 1989) (setting forth manner for
taking the forfeiture of an appearance bond). 
A judgment nisi is prima facie proof that the statutory requirements for
taking a forfeiture have been satisfied. 
Alvarez v. State, 861 S.W.2d 878, 881 (Tex. Crim. App.
1992).  Once a prima facie case has been
established, the defendant must then prove one of the statutory requirements of
the judgment nisi has not been satisfied. 
Alvarez, 861 S.W.2d at 881; Spradlin, 100 S.W.3d at 377B78.

Here, the record before the trial court
included both the judgments nisi and the appearance bonds.  In their answers, appellants generally
alleged article 22.13 as an affirmative defense, but the appellate record does
not show appellants offered any evidence in support of their affirmative
defense of Auncontrollable circumstance@ in the trial
court.  There is no record of any
hearings held on the judgments of forfeiture or on their motions for new trial,
and appellants did not attach any evidence to their unsworn motions for new
trial.  Appellants alleged in their
motions for new trial that Alvarez, a Honduran citizen, fled from the United
States to Honduras and failed to appear before the trial court on September 10,
2002.  Appellants further alleged they
know the exact location of Alvarez in Honduras, diligently have sought her return,
and have the means to transport her from Honduras to the United States, but
Article 102 of the Honduran Constitution prevents them from producing Alvarez
because it prohibits the extradition of Hondurans.  Additionally, appellants alleged Alvarez=s failure to
appear did not result from any fault of the appellants because Alvarez=s travel was not
restricted by the trial court; thus, appellants claimed they had no obligation
to prevent Alvarez=s travel to Honduras. 








Here, the two final judgments provide, A[T]he Court, after
considering the pleadings and evidence herein, including the bail bond and the
Judgement of Forfeiture on file in this cause, finds:  that no sufficient cause was shown for
[Alvarez=s] failure to
appear on SEPTEMBER 10, 2002, to answer the charge by indictment
accusing [her] of a felony; and the Judgment of Forfeiture heretofore rendered
against the Defendants should be made final.@  The only reference in the record to
Alvarez being in Honduras is in appellants= motions for new
trial, in which appellants alleged that Alvarez is in Honduras and unable to be
extradited.  These are conclusory and
unsworn allegations, and the meager record simply does not support appellants= assertions
concerning Alvarez=s location.  There is no record of the hearings held on
the final judgments of forfeiture; no hearings were conducted on appellant=s unsworn motions
for new trial; and no evidence was attached to appellants= motions for new
trial.  

Appellants= failure to
present any evidence in support of their affirmative defense of Auncontrollable
circumstance@ is fatal to their appeal.  The appellate record does not contain any evidence
substantiating appellants= affirmative defense of Auncontrollable
circumstance@ based on the appellants= inability to
extradite Alvarez from Honduras.  The
only evidence before the trial court showed the State was entitled to judgment
against appellants on the bonds.  See Tex. Code Crim. Proc. Ann. art. 22.14
(Vernon 1989) (AWhen, upon a trial of the issues
presented, no sufficient cause is shown for the failure of the principal to
appear, the judgment shall be made final against him and his sureties . . . .@).  We hold the trial court did not abuse its
discretion in rendering judgments of forfeiture in favor of the State and in
overruling appellants= motions for new trial.

Accordingly, we overrule appellants= two points of
error.

Conclusion

We affirm the judgments of the trial
court.

 

 

 

 

/s/      John S. Anderson

Justice

 

Judgment
rendered and Memorandum Opinion filed June 2, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Article 22.13
provides in part, AThe following causes, and no other, will exonerate the
defendant and his sureties, if any, from liability upon the forfeiture taken: .
. . some uncontrollable circumstance which prevented [the defendant=s] appearance at court, and it must, in every such
case, be shown that his failure to appear arose from no fault on his part.@  Tex. Code Crim. Proc. Ann. art.
22.13(a)(3).