Charles BRYCELAND, Karl D. Brawner, and William Carl Christensen, Individually and On Behalf of All Others Similarly Situated, Appellants,

v.

AT&T CORPORATION and AT&T Wireless Services, Inc., Appellees.

No. 05–01–00552–CV.

Court of Appeals of Texas, Dallas.

Dec. 3, 2002.

Rehearing Overruled Sept. 12, 2003.

Robert Jordan Scott, Scott & Scott, L.L.P., Dallas, for Appellants.

John Hendricks, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Dallas, for Appellees.

Before Justices WHITTINGTON and MALONEY.[1]

## OPINION

Opinion by Justice MALONEY.

Charles Bryceland, Karl D. Brawner, and William Carl Christensen (collectively Bryceland), individually and on behalf of other subscribers to AT&T's Digital PCS wireless and Digital One Rate service from October 2, 1996 to December 15, 1999 sued AT&T Corporation and AT&T Wireless, Inc. (collectively AT&T) for fraud in the inducement, negligent misrepresentation, deceptive trade practices, and breach of contract. AT&T moved for summary judgment alleging that the Federal Communication Act of 1934, 47 U.S.C. § 332(c)(3)(A) (2001) (the Act), preempts all state court claims Bryceland alleged in their first amended petition. Bryceland moved for summary judgment alleging that, as a matter of law, the trial court must deny AT&T's affirmative defense of federal preemption. The trial court granted AT&T's motion for summary judgment and denied Bryceland's motion for summary judgment. In a single point of error, Bryceland argues the trial court erred in denying their motion for summary judgment and granting AT&T's motion for summary judgment. We reverse the trial court's judgment of April 3, 2001 and remand this case to the trial court for further proceedings.

## SUMMARY JUDGMENT

AT&T concedes that section 332 of the Act does not preempt all state law causes of action for damages against all wireless service providers. But AT&T argues that section 332 preempts all of Bryceland's causes of action because any award of damages on his claims will amount to prohibited indirect rate regulation. AT&T contends that Bryceland's claims would require the factfinder to determine the quality of services provided and, in doing so, it would necessarily determine if AT&T has adequate infrastructure to operate a wireless service and to set the value of the provided services. AT&T argues this is tantamount to the trial court's deciding whether AT&T properly entered the market, determining its rate's reasonableness, and setting prospective charges for AT&T's services—activities preempted by section 332. This, AT&T claims would allow the state court to engage in a regulatory type of analysis. We disagree.

### 1. Standard of Review

When an appellant complains of the trial court's granting appellee's motion for summary judgment and denying appellant's motion for summary judgment, we review both the grant of appellee's motion and the denial of appellant's motion. *Gramercy Ins. Co. v. Auction Fin. Program, Inc.*, 52 S.W.3d 360, 363 (Tex.App.-Dallas 2001, pet. denied). If the issues presented involve statutory construction and applying that statute to undisputed facts, we determine the questions presented as a matter of law. *Id.*

■ Federal preemption is an affirmative defense. *Kiefer v. Cont'l Airlines, Inc.*, 882 S.W.2d 496, 497–98 (Tex.App.-Houston [1st Dist.] 1994) *aff'd* 920 S.W.2d 274 (Tex.1996). We review a defendant's motion for summary judgment to deter-

1. The Honorable Frances J. Maloney, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment. Justice Ed Kinkead was a member of the submissions panel before his retirement from the Court on November 18, 2002 and participated in the submission and decision of the case but left the Court before issuance of this opinion. Tex.R.App. P. 41.1(b).

mine if it conclusively established each element of its affirmative defense and a plaintiff's motion for summary judgment to determine if it conclusively proved that the affirmative defense cannot defeat their pleadings. *See Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654 (Tex.App.-Dallas 1992, no writ).

### 2. Applicable Law

■ Courts do not favor federal preemption of state law. *Legend Airlines, Inc. v. City of Fort Worth*, 23 S.W.3d 83, 93 (Tex.App.-Fort Worth 2000, pet. denied). To find federal law preempts state law, we must conclude the subject matter requires preemption or Congress clearly intended to preempt state law. *See In the matter of Wireless Consumers Alliance, Inc.*, 15 F.C.C.R. 17021, ¶ 39 (2000), 2000 WL 1140570 at ¶ 39 (finding section 332 does not preempt state law causes of action for damages as a matter of law). If a state court purports to determine the reasonableness of a previous rate or sets a prospective charge for services in determining claims, the trial court enters into a prohibited regulatory type of analysis. *Id.*

Section 332 provides as follows:

[N]o State or local government shall have any authority to regulate the entry or rates charged by any commercial mobile service or private mobile service, except that this paragraph shall not prohibit a State from regulating the other terms and conditions of commercial mobile services. . . .[2]

47 U.S.C. § 332(c)(3)(A) (2001).

### 2. Application of Law to Facts

AT&T urges us to adopt the federal district court's conclusions on preemption of Bryceland's claims on remand to state court. *Bryceland v. AT&T*, 122 F.Supp.2d 703, 709–10 (N.D.Tex.2000). Because Bryceland amended his petition after remand, the petition we review is not the same one the federal court analyzed. Consequently, we decline to follow the federal court's conclusions. Neither party directs us to any Texas case, and we have found none, holding that section 332 of the Act preempts state law. However, the FCC reviewed the effect of specific damage awards on state law claims in *Wireless Consumers*, 15 F.C.C.R. at 17021, ¶ 39. And another state's court has determined that section 332 did not preempt comparable state claims. *See Union Ink Co., Inc. v. AT&T Corp.*, 352 N.J.Super. 617, 801 A.2d 361 (A.D.2002). We follow the *Union Ink* court's and the FCC's analysis in *Wireless Consumers* in deciding this matter. To determine if the factfinder would be required to prescribe, set, or fix wireless rates to adjudicate Bryceland's claims, we review the facts alleged and damages sought for each claim asserted. If the factfinder will not be required to prescribe, set, or fix wireless rates to adjudicate the claim, then section 332 does not preempt Bryceland's claim.

In its declaratory ruling, the FCC reviewed whether section 332 prohibits "a specific damage award or damage calculation" in state law claims. The FCC determined that a state court's damage award for breach of contract, fraud, or deceptive practice does not automatically engage a court in rate making. *Wireless Consumers*, 15 F.C.C.R. at 17021, ¶¶ 27, 38. Rather, preemption depends "on the specific details of the award and the facts and circumstances of a particular case." *Id.* at 17021, ¶ 36. Carriers may charge any price and provide any level of service, but they may not misrepresent either the price

---

**2.** The definition of "mobile service" includes wireless telephone service. *See* 47 U.S.C. § 153 (2001); *Conn. Dep't of Pub. Util. Control v. FCC*, 78 F.3d 842, 845 (2d Cir.1996).

or the quality of service. "[A] carrier that charges 'reasonable rate' for its services may still be liable for damages ... under applicable state law if [the carrier] misrepresents" its rates, how those rates will apply, or does not inform "consumers of other material terms, conditions, or limitations on the service it is providing." *Id.* at 17021, ¶ 27. The commission concluded that considering the price originally charged to determine "the extent of the harm or injury involved" does not necessarily inquire "into the reasonableness of the original price and is therefore permissible." *Id.* at 17021, ¶ 38.

Union Ink originally alleged violations of the New Jersey Consumer Fraud Act, common law fraud, unjust enrichment, breach of contract, and negligent misrepresentation in the selling of AT&T's cellular telephone service, but withdrew its unjust enrichment and breach of contract claims. The *Union Ink* court, after reviewing the remaining claims and the petition's factual allegations supporting those claims, concluded that section 332 did not preempt Union Ink's state law claims—that AT&T misrepresented the quality and reliability in selling its Digital One Rate plan. Union Ink alleged that AT&T should have known and disclosed it had "insufficient digital network to adequately service its ever expanding subscriber base ... [and did] not have sufficient capacity to reliably service subscribers...." *Union Ink,* 801 A.2d at 366, 367. The *Union Ink* court concluded Union Ink alleged damages resulting from the way in which AT&T represented its goods and services and did not disclose known information about its goods and services. The trial court had only to examine under state law "whether there was a difference between promise and performance" and AT&T's advertisement created an overall misleading and deceptive impression. The *Union Ink*

court then concluded section 332 did not preempt Union Ink's state law claims.

█  On reviewing the factual allegations in Bryceland's amended petition, we conclude its allegations do not require the factfinder to prescribe, set, or fix a reasonable previous or prospective rate for AT&T's future services to adjudicate Bryceland's claims. Nor would determining what damages should be awarded to Bryceland involve setting a rate for services charged. Rather the court will determine the difference between the value of what AT&T promised and what Bryceland received. Thus, we conclude section 332 does not preempt Bryceland's state law claims contained in his amended petition. The trial court erred in granting AT&T's motion for summary judgment.

█  Bryceland also contends the trial court erred in denying their motion for summary judgment. Our review of the record shows that they moved for partial summary judgment—only that federal preclusion did not apply, Their motion did not request a final disposition of Bryceland's claims. On appeal, we may not consider cross-motions for summary judgment that do not seek a final disposition of all claims in the trial court. *Pacific Mut. Life Ins. v. Ernst & Young & Co.,* 10 S.W.3d 798, 810 (Tex.Civ.App.-Dallas 2000), *rev'd on other grounds,* 51 S.W.3d 573 (Tex.2001).

Accordingly, we render judgment denying AT&T's motion for summary judgment. and remand the case for further proceedings consistent with this opinion.