**AFFIRMED; Opinion Filed February 6, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01633-CV

**BANK OF AMERICA, N.A., Appellant**
**V.**
**ALTA LOGISTICS, INC. F/K/A CARGO WORKS INC. AND PETER D. ULLRICH,**
**Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-00453**

## MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and Whitehill[1]
Opinion by Justice Stoddart

This is a suit to collect a promissory note executed by Alta Logistics, Inc. f/k/a Cargo

Works Inc. and guaranteed by Peter Ullrich. Appellees and appellant Bank of America, N.A.

(BOA) filed cross motions for summary judgment. The trial court granted appellees' motion and

denied BOA's motion. In two issues, BOA argues that the trial court erred by granting

appellees' motion for summary judgment and by denying its own motion. We affirm the trial

court's judgment.

---

[1] Justice Bill Whitehill succeeds Justice Kerry FitzGerald, a member of the original panel. Justice Whitehill has reviewed the briefs and record in this case.

FACTUAL BACKGROUND

The facts underlying this case are not in dispute. On July 7, 2004, Alta Logistics (through its predecessor) executed and delivered to BOA a promissory note in the original amount of $125,000 (the Note). The Note states that it is a revolving line of credit. The Note provides that Alta Logistics will make payments to BOA of all principal and interest. At the same time, Ullrich executed and delivered to BOA a guaranty whereby Ullrich guaranteed repayment of the Note (the Guaranty). The Guaranty states the "amount of this Guaranty is unlimited" and "[u]nder this Guaranty, the liability of Guarantor is unlimited and the obligations of Guarantor are continuing."

The Note was renewed three times. The third renewal notice stated the final principal and interest payments were due on October 5, 2007. The Note was not renewed again and was not paid by October 5, 2007. On January 14, 2013, BOA sued appellees for breach of contract, unjust enrichment, and money had and received. Appellees' amended answer asserted the affirmative defense of limitations.

Appellees filed a traditional motion for summary judgment on the grounds that BOA's claims are barred by limitations. Appellees argue a four-year statute of limitations applies to BOA's breach of contract claim, and a two-year statute of limitations applies to BOA's claims for unjust enrichment and money had and received. Appellees assert that although the Note matured on October 5, 2007, the lawsuit was not filed until January 14, 2013, which was more than five years after BOA's causes of action accrued. Therefore, appellees argue, BOA's claims are timed barred. BOA's response asserts a six-year statute of limitations applies to an action to enforce the obligation of a party to pay a note.[2]

---

[2] BOA did not argue in the trial court, and does not argue on appeal, that a six-year statute of limitations applies to its claims for unjust enrichment and money had and received. Accordingly, that issue is not before us in this appeal.

BOA also filed a traditional motion for partial summary judgment on its breach of contract claim. The trial court entered a final judgment granting appellees' motion for summary judgment and denying BOA's motion. This appeal followed.

LAW & ANALYSIS

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The standards for reviewing summary judgments are well established and we follow them in reviewing this appeal. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985) (traditional summary judgment standards of review). In a traditional motion for summary judgment, the party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548.

When both parties move for summary judgment, each party bears the burden of establishing it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both parties and determine all questions presented. *Id*. We render the judgment the trial court should have rendered or reverse and remand if neither party has met its summary judgment burden. *Id*.; *Emps. Reinsurance Corp. v. Am. Sw. Ins. Managers, Inc.*, 261 S.W.3d 432, 435–36 (Tex. App.—Dallas 2008, pet. denied).[3]

---

[3] We do not, however, review BOA's denied cross-motion because it was a motion for partial summary judgment that would not have disposed of all claims in the trial court. *See Massey v. Sw. Petroleum Co*., No. 05-07-00650-CV, 2008 WL 2896613, at *2 (Tex. App.—Dallas July 29, 2008, no pet.) (mem. op.); *accord Bryceland v. AT&T Corp*., 114 S.W.3d 552, 555 (Tex. App.—Dallas 2002, pet. granted, judgment set aside per settlement) ("On appeal, we may not consider cross-motions for summary judgment that do not seek a final disposition of all claims in the trial court.").

By moving for summary judgment on their affirmative defense of limitations, appellees bore the burden to conclusively establish the defense. *See Ward v. Stanford*, 443 S.W.3d 334, 342 (Tex. App.—Dallas 2014, no pet.). BOA then had to adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *See id.*

To resolve the parties' arguments about the appropriate statute of limitations, we must first resolve whether the Note and Guaranty are negotiable instruments. If the Note and Guaranty are negotiable, then BOA had six years to sue appellees for failure to pay. *See* TEX. BUS. & COM CODE ANN. § 3.118 (West 2002) (statute of limitations to sue on negotiable instruments is six years); *Ward*, 443 S.W.3d at 432. If the Note and Guaranty are not negotiable, then BOA only had four years to bring suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(3) (West 2002) (statute of limitations to sue on debt is four years); *Ward*, 443 S.W.3d at 342.

The negotiability of an instrument is a question of law. *Ward*, 443 S.W.3d at 343. A negotiable instrument is "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order" upon demand or at a definite time, and is payable to order or to bearer. TEX. BUS. & COM. CODE. ANN. § 3.104(a) (West Supp. 2014).; *Ward*, 443 S.W.3d at 343 (citing *FFP Mktg. Co. v. Long Lane Master Trust IV*, 169 S.W.3d 402, 407 (Tex. App.—Fort Worth 2005, no pet.)). The sum certain requirement is designed to provide commercial certainty in the transfer of negotiable instruments and to make negotiable instruments the functional equivalent of money. *Amberboy v. Societe de Banque Privee*, 831 S.W.2d 793, 797 (Tex. 1992); *Bailey, Vaught, Robertson & Co. v. Remington Invs., Inc.*, 888 S.W.2d 860, 864 (Tex. App.—Dallas 1994, no writ).

### A.    The Note

Appellees assert the Note is non-negotiable because the Note states the amount due is: "the principal amount of One Hundred Twenty-Five Thousand 00/100 Dollars ($125,000.00) or so much as may be outstanding, together with interest on the unpaid outstanding principal balance of each advance."  The Note also states: "The unpaid principal balance owing on this Note at any time may be evidenced by endorsements on this Note or by [BOA's] internal records, including daily computer print-outs."  Based on these two statements in the Note, appellees argue the amount of the Note was not a fixed amount and the amount owing on the Note could not be ascertained without reference to other bank records.

The Note permits the borrower to prepay all or any portion of the amount due earlier than it is due without incurring any prepayment penalty.  It also permits the borrower to borrow additional amounts so long as the total amount outstanding does not exceed $125,000.  Because the Note represents a revolving line-of-credit, the borrower may prepay all or any portion of the amount due without incurring any prepayment penalty, the Note states the amount due is $125,000 "or so much as may be outstanding," and the unpaid principal balance may not be determinable without reference to BOA's internal records, the amount due on the Note at any given time is not readily determinable.  The Note does not contain an unconditional promise to pay a sum certain; the Note is not for a fixed amount; and the Note is not the functional equivalent of money.  Therefore, the Note is non-negotiable.  *See* TEX. BUS. & COM. CODE. ANN. § 3.104(a); *see also NAB Asset Venture III, L.P. v. John O'Brien & Assocs.*, No. 05-96-01453-CV, 1999 WL 88776, at *5 (Tex. App.—Dallas 1999, pet. denied) (not designated for publication) (citing *Resolution Trust Corp. v. Oaks Apartments Joint Venture*, 966 F.2d 995, 1001-02 (5th Cir. 1992)); *Heritage Bank v. Bruha*, 283 Neb. 263, 812 N.W.2d 260 (2012).

Because we conclude the Note is not negotiable, the applicable statute of limitations for an action for its enforcement is four years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(3); *Ward*, 443 S.W.3d at 342. Appellees met their burden to show BOA failed to file suit within four years. The parties agree the third renewal of the Note stated the final principal and interest payments were due on October 5, 2007, the Note was not renewed again, and the Note was not paid by October 5, 2007. However, BOA did not file this lawsuit until January 14, 2013, more than four years after Alta Logistics failed to pay the Note.

**B.     The Guaranty**

Appellees also argue the Guaranty is a non-negotiable instrument subject to a six-year statute of limitations. In its brief, BOA argues Ullrich was acting as guarantor of Alta Logistics's obligations and "as such was an accommodating party under Texas Business and Commerce Code § 3.419." As we previously determined, the Note is not a negotiable instrument subject to chapter 3 of the business and commerce code. Therefore, section 3.419 does not govern the Guaranty.

Additionally, where, as here, the amount of the Guaranty is unlimited, the Guaranty is not a negotiable instrument. Like the Note itself, the Guaranty is not for a fixed amount. Rather, the Guaranty states the "amount of this Guaranty is unlimited" and "[u]nder this Guaranty, the liability of Guarantor is unlimited and the obligations of Guarantor are continuing." Therefore, the Guaranty also is not negotiable. *See Vaughn v. DAP Fin. Servs., Inc.*, 982 S.W.2d 1, 6 (Tex. App.—Houston [1st Dist.] 1997, no pet.); *see also Charles R. Tips Family Trust v. PB Commercial LLC*, No. 01-13-00449-CV, 2014 WL 4085496, at *5 (Tex. App.—Houston [1st Dist.] Aug. 19, 2014, no pet.); *Material P'ships, Inc. v. Ventura*, 102 S.W.3d 252, 260 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("A guaranty agreement is not a negotiable instrument, and is not governed by the provisions of the Texas UCC."). Because the Guaranty is

not a negotiable instrument, it also is subject to a four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(3); *Ward*, 443 S.W.3d at 342.

We conclude the trial court did not err by granting appellees' motion for summary judgment because BOA failed to bring its claim for breach of contract within four years.

CONCLUSION

We affirm the trial court's judgment.

 /Craig Stoddart/
CRAIG STODDART
JUSTICE

131633F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BANK OF AMERICA, N.A., Appellant

No. 05-13-01633-CV       V.

ALTA LOGISTICS, INC. F/K/A CARGO
WORKS INC. AND PETER D. ULLRICH,
Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-00453.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Alta Logistics, Inc. f/k/a Cargo Works, Inc. and Peter D. Ullrich recover their costs of this appeal from appellant Bank of America, N.A.

Judgment entered this 6th day of February, 2015.